VICTORY, Judge.
Defendant, Gary Nunn, charged by bill of information with simple escape in violation of LSA-R.S. 14:110, pled guilty as charged. Defendant was proven to be a multiple offender under LSA-R.S. 15:529.1 and sentenced to nine years at hard labor, to run consecutively with any other sentence, including an 18 year sentence for a 1988 armed robbery conviction. Defendant challenges his sentence as excessive. We affirm.
FACTS
On February 2, 1991, defendant was transported with other prisoners from the Caddo Detention Center to the Caddo Parish Courthouse for a court appearance. Defendant had somehow obtained a handcuff key which he used to open his hand *464 cuffs and ankle shackles. As defendant exited the transport bus at the courthouse, he suddenly dropped his shackles and fled from the prisoner entrance, running through downtown Shreveport. Several deputies pursued him, and he was quickly apprehended. Defendant was taken inside the courthouse and searched. Deputies discovered he was wearing civilian clothes under his red prison uniform, and he had a handcuff key in his mouth.
LAW
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Mims, 550 So.2d 760 (La.App. 2d Cir.1989); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (1988).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, supra; State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988),
DISCUSSION
The record reflects the trial judge adequately complied with the sentencing guidelines provided by LSA-C.Cr.P. Art. 894.1. He addressed in detail defendant’s prior criminal history which included a 1980 conviction of simple burglary, a 1981 conviction of aggravated battery, a 1988 conviction of simple battery, and a conviction for armed robbery on which he was then serving an 18-year sentence. A charge of aggravated battery was pending against defendant at the time of his plea to the present offense. In light of this criminal history, the trial judge concluded defendant was a violent person, a menace to the community, in need of correctional treatment, and that any lesser sentence would deprecate the seriousness of the offense.
The judge also remarked that defendant must have contemplated the risk posed to the general public by his escape and apprehension, in which the arresting officers were required to draw their weapons on a crowded street.
A conviction for simple escape carries a sentence of not less than two years, nor more than five years at hard labor. Because the defendant was sentenced as a multiple offender, his penalty exposure for the present offense was not less than two and one-half years, nor more than 10 years.
In State v. Harris, 414 So.2d 325 (La.1982), the court upheld a four and one-half year sentence for simple escape. The defendant, a prisoner at Angola, escaped while picking cotton, and was not discover *465 ed until eight days later when he was peacefully apprehended outside the prison gate. The supreme court found the sentence was justified because of defendant’s lengthy criminal record and disciplinary violations, in addition to his lack of respect and continued defiance against authority.
In State v. Knapp, 378 So.2d 911 (La.1979), a maximum, five-year sentence for simple escape was affirmed. Defendant, serving sentences for two burglaries, escaped from the Louisiana Correctional and Industrial School by crawling over a fence. After the escape, defendant and his accomplice stole a truck from a nearby lumber yard and drove to Houston. Once in Houston, they stole another vehicle and drove to Arizona, where they were later arrested.
Here, although the defendant was quickly apprehended, he had a long history of criminal conviction. His escape was clearly planned in advance, as shown by the handcuff key in his possession and the fact that he had on civilian clothes underneath his prison attire. His escape in downtown Shreveport posed a serious risk to public safety.. Although harsh, the nine-year sentence imposed is within statutory limits, is amply supported by the record, and is not a purposeless and needless imposition of pain and suffering. For these reasons, the sentence is affirmed.
AFFIRMED.