755 So.2d 311 (1999)
STATE of Louisiana
v.
Gary BROOKS, Defendant-Appellant.
No. CR99-395.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1999.
Rehearing Denied April 5, 2000.
*312 Earl Taylor, District Attorney, Camille A. Sebastien, Washington, DC, Counsel for the State.
Joshua Galen Frank, Jr., Opelousas, LA, Counsel for Gary Brooks.
Gary Brooks, Defendant-Appellant, pro se.
Court composed of Judge HENRY L. YELVERTON, Judge ULYSSES GENE THIBODEAUX, and Judge MICHAEL G. SULLIVAN.
SULLIVAN, Judge.
Defendant, Gary Brooks, was convicted of simple escape, in violation of La.R.S. 14:110(A), and attempted possession of cocaine, in violation of La.R.S. 14:27 and 40:967. After being adjudicated a habitual offender, Defendant was sentenced to ten years at hard labor without benefit of probation or suspension of sentence for simple escape and two and one-half years at hard labor for attempted possession of cocaine, with the sentences to run consecutively. On appeal, Defendant argues that the evidence is insufficient to support either conviction. We disagree and affirm.

Facts
On May 12, 1996, Defendant was arrested outside the Manhattan Lounge in Opelousas, Louisiana, for remaining after being forbidden, in violation of La.R.S. 14:63.3. During booking on this charge at the police station, Defendant fled to a building across the street, where he was quickly apprehended. After transporting Defendant back to the police station, an officer found a matchbox containing two rocks of crack cocaine on the backseat of the patrol unit. Defendant was charged with simple escape and possession of cocaine. A jury subsequently convicted him of simple escape and the responsive verdict of attempted possession of cocaine.

Simple Escape
Defendant does not contest that he fled the police station during booking. He argues, instead, that he did not "escape" because he was never in the "lawful custody" of the Opelousas City Police Department. Specifically, Defendant contends that his arrest on the remaining after being forbidden charge was illegal because he was arrested on a public sidewalk.
"Simple escape" is defined in La.R.S. 14:110(A)(1) (emphasis added) as:
The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, or detained from a place where such person is legally confined, from a designated area of a place where such person is legally confined, or from the lawful custody of any law enforcement officer or officer of the Department of Public Safety and Corrections.
The Reporter's Comment (citations omitted) discusses the "lawful custody" requirement as follows:
As long as the arrest and commitment are "legal" any attempt to escape is a crime, despite the guilt or innocence of the culprit. But if the warrant of arrest or commitment is void, the prisoner is not liable for escaping. However an *313 informality or irregularity in the process of commitment is not justification to escape.
In reviewing the sufficiency of the evidence to support a conviction, the question for the appellate court is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under the Jackson standard, "the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." State v. Mussall, 523 So.2d 1305, 1311 (La.1988). "[A] determination of the weight of evidence is a question of fact which rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witnesses." State v. Silman, 95-154, p. 12 (La.11/27/95); 663 So.2d 27, 35.
On May 12, 1996, Officer David Zerangue was on security patrol outside the Manhattan Lounge in Opelousas. In the early morning hours, Officer Zerangue observed the owner of the nightclub refuse to admit Defendant because Defendant was wearing a bandana on his head. Officer Zerangue then told Defendant to leave, but Defendant kept pacing on the sidewalk near the lounge. At trial, Officer Zerangue described Defendant's actions as follows:
He made a couple of attempts to go back into the club. I warned him to leave. He went on the north side of the building, which is the South Street side. The owner came back in after the first argument between the two. I advised the owner to go back into the club, I advised Mr. Brooks to leave. The owner came back outside and when Mr. Brooks spotted him, he started walking toward ... left the corner of Academy and South and walked back towards the front door, and him [sic] and the owner got into an argument again.
Officer Zerangue warned Defendant that he would be arrested if he did not leave. When Defendant replied, "You can take me to jail," Officer Zerangue arrested him for remaining after being forbidden. Officer Zerangue admitted that Defendant was on the sidewalk at the time of his arrest. However, he testified that he arrested Defendant because it was apparent Defendant would continue to attempt to enter the club and to cause trouble for the owner. Officer Zerangue explained that Defendant was arrested "right at the front door. Still on the sidewalk, but in front of the front door."
La.R.S. 14:63.3 A (emphasis added) provides:
No person shall without authority go into or upon or remain in or upon or attempt to go into or upon or remain in or upon any structure, watercraft, or any other movable, or immovable property, which belongs to another, including public buildings and structures, ferries, and bridges, or any part, portion, or area thereof, after having been forbidden to do so, either orally or in writing, including by means of any sign hereinafter described, by any owner, lessee, or custodian of the property or by any other authorized person.

Defendant contests the validity of his arrest because there is no testimony that places him on club property after he was initially told to leave. However, the statute clearly criminalizes an "attempt to go into or upon" any property belonging to another after being forbidden. We find that one may attempt to enter private property from a public sidewalk and, further, that is what Defendant did in this case.
The only discussion of La.R.S. 14:63.3 in the context of a public sidewalk is found in a civil action, Melancon v. Trahan, 94-26, p. 8 (La.App. 3 Cir. 10/5/94); 645 So.2d 722, 726, writ denied, 95-87 (La.3/10/95); 650 So.2d 1183, in which we stated that "the statute does not prohibit standing on *314 a public sidewalk." In the present case, however, Defendant was not arrested because he remained on the sidewalk but, rather, because of his attempts to enter the nightclubincluding arguing with the ownerafter being refused admission by the owner and told to leave by the security officer.
This assignment of error lacks merit.

Attempted Possession of Cocaine
Defendant also argues that the State failed to prove that he attempted to possess the crack cocaine found in the patrol unit after his recapture.
La.R.S. 40:967 C makes it unlawful for any person to knowingly or intentionally possess a controlled dangerous substance as classified in Schedule II. Cocaine is listed in Schedule II(A)(4) of La.R.S. 40:964. The State need not show actual possession to obtain a conviction, but only that the defendant exercised dominion and control over the illegal substance. State v. Trahan, 425 So.2d 1222 (La.1983). La. R.S. 14:27 (C)provides that a person may be convicted of an attempt to commit a crime, "although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt."
After Defendant's arrest for remaining after being forbidden, Officer Frank Boudreaux conducted a pat-down search for weapons while Defendant was still at the lounge. At the police station, Officer Boudreaux instructed Defendant to remove his personal belongings, which the officer placed in a bandana on the counter. Officer Boudreaux admitted that he did not detect a matchbox during the pat-down search or at the station, but he testified that the purpose of the search was to find weapons and that he had no way of knowing whether Defendant completely emptied his pockets at the station.
Before a more thorough search could be conducted, Defendant grabbed the bandana containing his belongings and fled from the police station. Officer Boudreaux and three other policemen chased him to a building across the street. There, Defendant resisted capture, engaging in a physical struggle that ended when he was maced. Once Defendant was subdued, Officer Cleveland Thomas transported him across the street to the police station in his patrol car. During the ride back to the station, Officer Thomas noticed Defendant moving suspiciously and warned him not to leave anything in the backseat of the patrol unit. After turning Defendant over for booking, Officer Thomas returned to his police car where he found a matchbox containing two rocks of crack cocaine and a razor blade on the backseat in the area where Defendant had been sitting.
Officer Thomas testified that his car was parked just outside the front door of the station, that he could see the vehicle at all times, and that no one else went near it. Officer Thomas had transported one other subject that day, but per his routine, he checked the backseat of the vehicle after the transport of the first person.
Applying the circumstantial evidence rule found in La.R.S. 15:438 to the Jackson standard, this court must determine whether, viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact would have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded. State v. Morris, 414 So.2d 320 (La.1982); State v. Honeycutt, 438 So.2d 1303 (La.App. 3 Cir.), writ denied, 443 So.2d 585 (La.1983). In State v. Juluke, 98-341, p. 5 (La.1/8/99); 725 So.2d 1291, 1293 (quoting State v. Captville, 448 So.2d 676, 680 (La.1984)), the supreme court explained: "In a case involving circumstantial evidence in which the jury has reasonably rejected the defense offered at trial, the reviewing court therefore `does not determine whether another possible hypothesis has been suggested by defendant which could explain the events in an exculpatory fashion.'"
*315 The State's evidence included Officer Thomas's testimony that he found the matchbox of cocaine on the backseat of his police car shortly after he removed Defendant from the vehicle. Officer Thomas also testified that he transported only one other subject that day and that he checked the backseat after removing that subject. Officer Thomas testified that Defendant made suspicious movements suggesting that he would leave something in the back of the car. Immediately after Defendant was returned to the police station, Officer Thomas found the illegal drugs. He further testified that no one went near the car after he removed Defendant and before he searched it. This unrefuted testimony supports the jury's verdict of attempted possession of cocaine.
This assignment of error lacks merit.

Decree
For the above reasons, Defendant's convictions for simple escape and attempted possession of cocaine are affirmed.
AFFIRMED.
THIBODEAUX, J., DISSENTS AND ASSIGNS WRITTEN REASONS.
THIBODEAUX, J., dissenting.
I agree that La.R.S. 14:63.3 A criminalizes an attempt to go into or upon or remain in or upon any property belonging to another after being forbidden. However, in my view, the record lacks a clear description of the location of the Manhattan Lounge and the adjacent public areas. Although Officer Zerangue explains that the defendant made a couple of attempts to go back into the club, he then goes on to explain that the defendant's actions on the public area outside of the club where the defendant was arrested. It is difficult, if not impossible, to discern how the defendant contravened the statute forbidding one to remain on the premises. The evidence, I think, is insufficient to support a verdict of guilt beyond a reasonable doubt of simple escape.
In view of the above, the defendant's conviction for attempted possession of cocaine must also fall. Since the defendant's simple escape conviction is unwarranted, his conviction of attempted possession of cocaine necessarily falls as a result of an illegal seizure. Evidence abandoned by a citizen and recovered by the police as a result of an unconstitutional seizure may not be used in a resulting prosecution against the citizen. State v. Tucker, 626 So.2d 707 (La.1993). In summary, since the defendant was unlawfully arrested and the evidence does not warrant a finding of guilt of simple escape, the defendant was not properly detained in the police unit where the matchbox of cocaine was found. His conviction, therefore, for attempted possession of cocaine should be reversed.
The defendant was never in the lawful custody of the Opelousas City Police Department because he was unlawfully arrested. For the foregoing reasons, I respectfully dissent.