JjDREW, J.
A jury found Elliott L. Hogan, 39, guilty as charged on one count of simple escape. The court denied motions for post-verdict judgment of acquittal and for new trial. Thereafter, the court adjudged defendant to be a fourth felony offender, imposed a sentence of 40 years, and denied a timely motion for reconsideration. Defendant appeals his sentence as excessive. We affirm.

Background

On March 8, 2002, defendant was a legally-confined prisoner at the Bossier Parish jail awaiting trial on a charge of aggravated rape. He escaped by climbing to *723 the roof and then walking down a stairwell and out of the building. Authorities suspected he might try to interfere with an ex-girlfriend’s wedding; however, Hogan was not seen at the ceremony or the reception. Two days after the escape, Hogan was located at a service station near Hearne Avenue and 1-20 in Shreveport. Police officers arrested him at the scene without incident.
Hogan’s 20-year criminal history is substantial. The PSI report shows convictions for felony theft, unauthorized use of a movable — bargained down from felony auto theft, possession of stolen property— bargained down from simple burglary of an inhabited dwelling, simple burglary, possession of cocaine — -bargained down from distribution, theft, simple battery, and the instant offense.
The PSI report also shows a history of arrests with no prosecutions for three simple burglaries, theft, forgery, misdemeanor theft, auto theft, unauthorized use of a movable, possession of stolen goods, and forgery.
|2Prior to imposing sentence, the district court considered the facts of the instant offense and defendant’s criminal history including all arrests and convictions as well as the aggravated rape charge which was pending in the same court that was imposing sentence. The court found defendant’s criminal history was “extensive” and that he had a history of unsuccessful performance while on parole.[1] The court found no justification or mitigation for the instant offense and properly noted the sentencing range was 20 years to life.
In deciding against a life sentence, the court noted that the instant offense was not a crime of violence. The prior drug conviction was not punishable by imprisonment for more than ten years. However, the court stated that a lesser sentence would deprecate the seriousness of the offense and then imposed the 40-year sentence complained of on appeal.

Discussion

Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
The original charge, simple escape, La. R.S. 14:110, carries a sentence of two to five years. As a result of his adjudication as a fourth felony offender, with prior convictions for felony theft, simple burglary, and possession of cocaine, defendant’s exposure was elevated to not less than 20 years and not more than life. La. R.S. 15:529.1 A(l)(c)(i). That sentence must be served without benefit of parole. La. R.S. 15:574.4 A(l).
A sentencing court is not limited to considering only a defendant’s prior convictions but may properly review all prior criminal activity, State v. Jackson, 612 So.2d 993 (La.App. 2d Cir.1993). These matters may be considered even in the absence of proof the defendant committed the other offenses. State v. Jones, 31,569 (La.App.2d Cir.12/9/98), 724 So.2d 810; State v. Anderson, 30,060 (La.App.2d *724 Cir.10/29/97), 702 So.2d 40. Contrary to defendant’s contention, we do not find that the district court’s consideration of the pending rape charge impermissibly tilted the court’s judgment to the point that the result creates shock at the severity of the sentence.
Viewing defendant’s entire criminal and social histories, and considering the facts and circumstances of the case, we do not find the sentence imposed to be constitutionally excessive. Although the sentence imposed may be severe, it is far from the maximum which could have been levied upon this career criminal for whom a severe penalty is entirely appropriate. Accordingly, the sentence is AFFIRMED.

. The PSI report shows three parole revocations due to failure to report.