NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 06-1039 consolidated with KH 06-693


STATE OF LOUISIANA

VERSUS

CAREY LOUIS HOOD


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 267,664
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**BILLY HOWARD EZELL**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Billy Howard Ezell, Judges.


**AFFIRMED IN PART; AMENDED IN PART; AND REMANDED.**

**James C. Downs**
**District Attorney, Ninth Judicial District Court**
**701 Murray Street**
**Alexandria, LA 71301**
**(318) 473-6650**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**Counsel for Defendant/Appellant:**
**Carey Louis Hood**

**Loren Marc Lampert**
**Walker, Passman & Michiels**
**3800 Parliament Drive**
**Alexandria, LA 71315**
**(318) 449-1565**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**EZELL, JUDGE.**

The present case is making its fourth appearance before this court. On January 24, 2003, the Defendant, Carey Louis Hood, was charged by a bill of information with one count of possession of cocaine in violation of La.R.S. 40:967(C) and with one count of simple escape in violation of La.R.S. 14:110. On February 7, 2003, the Defendant was arraigned and entered pleas of not guilty to the charges.

Subsequently, after a trial by jury on January 13, 2004, the Defendant was convicted of attempted possession of cocaine and simple escape. On January 20, 2004, the trial court sentenced the Defendant to two and one-half years at hard labor on the charge of possession of cocaine and five years at hard labor on the charge of simple escape with the sentences to run consecutively. On that same date, the State filed a habitual offender bill to which the Defendant pled not guilty. The Defendant was adjudicated a fourth felony offender on June 25, 2004. On the same date, the trial court sentenced the Defendant to forty years at hard labor without benefit of parole, probation, or suspension of sentence.

On February 16, 2005, this court affirmed the conviction but found an error patent in the sentence. The court remanded the case for a determination of whether habitual offender enhancement was sought for one or both sentences. *State v. Hood*, 04-666 (La.App. 3 Cir. 2/16/05), 895 So.2d 624, *consolidated with State v. Hood*, 04-1169 (La.App. 3 Cir. 2/16/05), 895 So.2d 631, *writ denied*, 05-1432 (La. 2/17/06), 924 So.2d 1006.

On March 21, 2005, the trial court vacated the prior sentences and re-sentenced Defendant to forty years at hard labor on each count with the sentences to run concurrently. On April 20, 2005, the court signed an order granting Defendant's pro se motion of reconsider the sentence and motion of appeal, designation of record, and

1

appointment of appellate counsel. Upon receiving the appellate record which was filed under docket number 05-956, this court remanded the case for disposition of the motion to reconsider sentence. The trial court then issued an order denying Defendant's motion to reconsider sentence. The trial court also noted that in signing the combined motion for appeal and reconsideration of sentence it had not intended to grant said motion to reconsider. Copies of this court's order and the trial court's order in response were supplied to this court in a new record, which was filed under a new docket number, 05-1118.

On March 1, 2006, this court vacated the sentence and remanded the matter to the trial court with instructions to sentence the Defendant for the attempted possession of cocaine and simple escape with the sentence for the simple escape not to run concurrently with any other sentence imposed. *State v. Hood*, an unpublished opinion bearing docket number 05-1118 (La.App. 3 Cir. 3/1/06), 925 So.2d 55. Upon remand to the trial court, the Defendant was sentenced to two years and six months at hard labor for attempted possession of cocaine and thirty-seven years and six months at hard labor for simple escape. The transcript of the re-sentencing hearing does not indicate that the trial court stated that the sentences were not to run concurrently per the instructions of this court.

The Defendant is now before this court alleging that his sentence is excessive. This is the first appeal where we will address the Defendant's claim of excessiveness.

**FACTS**

The underlying facts have been previously recited by this court:

> On December 8, 2002, Officer Carla Whitstine, an Alexandria Police Officer, was patrolling Levin Street in Alexandria. As she was driving, she noticed a black male riding a bicycle. As she got closer to him, the Defendant jumped off the bicycle and ran up to a house. At that point the officer was beside the house; she turned on her "alley light" and observed the Defendant bend down beside the house and throw

2

something under the porch. The officer left her vehicle and approached the Defendant to talk to him. By that time another Alexandria Police Officer, Officer Todd Beaman, had arrived for back up and walked the Defendant over to the police cars. Officer Whitstine shined her flashlight under the porch to determine what the Defendant had thrown away. The officer found a plastic baggy with what appeared to be a rock of cocaine. Officer Whitstine radioed Officer Beaman to place the Defendant in handcuffs, which he did without incident. The Defendant was placed in Officer Whitstine's patrol car.

Officer Whitstine drove the Defendant to the jail and parked on the third floor of the parking lot. The officer had the light on in her vehicle and was filling out some paperwork before taking the Defendant to booking. Officer Whitstine testified that she was talking to the Defendant and looking at him in her rearview mirror while she filled out the paper work. After filling out the paper work, the officer removed the Defendant from her patrol car and began to take him into the jail. As they were waiting for the elevator, the Defendant took off running and escaped through the stairwell.

*State v. Hood*, 895 So.2d at 625-26.

## ERRORS PATENT AND ASSIGNMENT OF ERROR NUMBER TWO

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by the court for errors patent on the face of the record. After reviewing the record, we find there are several errors patent. Additionally, the minutes of the sentencing hearing are in need of correction.

First, as claimed by the Defendant in Assignment of Error Number Two, the trial court erroneously ordered that the habitual offender sentence imposed on simple escape be served without benefit of parole. Although Section G of the habitual offender statute requires all enhanced sentences to be imposed without benefit of probation or suspension of sentence, it does not authorize the trial court to impose enhanced sentences without benefit of parole. La.R.S. 15:529.1(G). "[T]he restrictions on parole eligibility imposed on multiple offender sentences under La.R.S. 15:529.1 'are those called for in the reference statute.'" *State v. Tate*, 99-1483, pp. 1-2 (La. 11/24/99), 747 So.2d 519, 520 (citation omitted). The penalty

3

provision for simple escape, the reference statute in the present case, does not authorize the trial court to impose any portion of the sentence without benefit of parole. La.R.S. 14:110(B)(3). Thus, the trial court improperly denied parole eligibility. Accordingly, this court will amend the Defendant's sentence for simple escape, fourth habitual offender, to delete the denial of parole eligibility. *See State v. Gregrich*, 99-178 (La.App. 3 Cir. 10/13/99), 745 So.2d 694, and *State v. Buckley,* 02-1288 (La.App. 3 Cir. 3/5/03), 839 So.2d 1193. This court will also instruct the trial court to make an entry in the minutes reflecting this change. *See State v. Tate*, 747 So.2d 519.

As the second error patent, we find the trial court improperly denied the Defendant eligibility for diminution of sentence. The trial court stated the following after pronouncing the Defendant's habitual offender sentence for simple escape:

> [T]he Department of Corrections have [sic] asked me not to say without good time, but that is also without good time under the statute, because you are a - - because you have been convicted as a habitual offender, you will not get good time on that.

In *State v. Narcisse*, 97-3161, p. 1 (La. 6/26/98), 714 So.2d 698, 699, the supreme court stated the following regarding a trial court's authority to deny eligibility for diminution of sentence:

> [A] trial judge lacks authority under La.R.S. 15:573.3(C) to deny a defendant eligibility for good time credits against his sentence, because that statute is "directed to the Department of Corrections exclusively." *State ex rel. Simmons v. Stalder*, 93-1852 (La. 1/26/96), 666 So.2d 661. Moreover, even the Department of Corrections lacks that authority under La.R.S. 15:571.3(C) in a case in which the trial court has not formally adjudicated and sentenced the defendant as a multiple offender under the provisions of La.R.S. 15:529.1. When the sentencing court is of the opinion that a denial of diminution of sentence is warranted under the specific circumstances of the case, the trial judge's discretion should be exercised under La.C.Cr.P. 890.1(B).

4

Louisiana Code of Criminal Procedure Article 890.1 states:

> A. When the court imposes a sentence, the court shall designate whether the crime involved is a crime of violence or an attempted crime of violence as defined or enumerated in R.S. 14:2(B).
>
> B. Notwithstanding any provision of law to the contrary, if a person is convicted of or pleads guilty to a crime of violence as defined or enumerated in R.S. 14:2(13) and is sentenced to imprisonment for a stated number of years or months, the sentencing court may deny or place conditions on eligibility for diminution of sentence for good behavior unless diminution of sentence is prohibited by R.S. 15:571.3(C) or (D).

Because the trial court did not refer to simple escape as a crime of violence and simple escape is not listed as a crime of violence in La.R.S. 14:2(13), we find the trial court was not exercising its authority under La.Code Crim.P. art. 890.1. Thus, following *Narcisse*, we find the Defendant's habitual offender sentence for simple escape should be amended to delete the denial of good time eligibility. Additionally, this court will order the district court to make an entry in the minutes reflecting this change. *See State v. Lemons*, 99-2158 (La. 4/20/00), 760 So.2d 1152.

Finally, we find the minutes of sentencing are in need of correction. The minutes indicate that both sentences were ordered to run concurrently. However, according to the transcript of sentencing, the trial court stated nothing as to whether the sentences were to run concurrently or consecutively. Thus, we find the trial court should be instructed to amend the minutes to correctly reflect the sentence imposed by the trial court. Additionally, the minutes of sentencing do not specify that the trial court enhanced the Defendant's simple escape sentence as a fourth habitual offender sentence. In the sentencing transcript, the trial court clearly stated that it found the Defendant to be a fourth habitual offender as to the simple escape sentence. Accordingly, the trial court is instructed to amend the minutes of sentencing to correctly reflect the sentence imposed by the trial court.

5

## ASSIGNMENT OF ERROR NUMBER ONE

The Defendant asserts that a sentence of thirty-seven years and six months at hard labor for simple escape is an excessive sentence in this case. As the Defendant's only allegation is that his sentence is excessive, we will evaluate this claim as a bare claim of excessiveness.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331(alteration in original).

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to

assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The Defendant was convicted of attempted possession of cocaine in violation of La.R.S. 40:967(C) and La.R.S. 14:27 and simple escape in violation of La.R.S. 14:110. The sentence for attempted possession of cocaine is between one year and two years and six months. La.R.S. 40:967(C); La.R.S. 14:27. The sentence for simple escape is between five and ten years. La.R.S. 40:110. The Defendant was sentenced to two years and six months for the attempted possession conviction and five years for the simple escape conviction. Subsequent to his convictions, the Defendant was determined by the trial court to be a fourth felony offender and sentenced to thirty-seven years and six months at hard labor for the simple escape conviction. The Defendant acquired his fourth felony offender status by being convicted of the following crimes:

> simple burglary on April 23, 1990; purse snatching on July 8, 1991; simple burglary on July 8, 1991; armed robbery on January 11, 1994; unauthorized entry of an inhabited dwelling on December 7, 2001; theft of goods between $100 and $500 on December 4, 2001; and the present offenses of possession of cocaine and simple escape.

*State v. Hood*, 895 So.2d at 630 (footnote omitted). Pursuant to *State v. Johnson*, 03-2993 (La. 10/19/04), 884 So.2d 568, which overruled *State v. Mims*, 601 So.2d 649 (La.1992), because the purse snatching charge arose on January 30, 1991 and the simple burglary charge arose on April 4, 1991, each conviction can be used as a separate offense to habitualize the Defendant, even though he was convicted of both offenses on the same day.

7

One who is sentenced as a fourth felony offender, such as the Defendant, may be sentenced to a minimum of twenty years and a maximum of life in prison at hard labor. La.R.S. 15:529.1(A)(2)(c)(i).

The Defendant does not challenge his adjudication as a fourth felony offender. In this case, the trial court imposed a sentence of thirty-seven years and six months for the Defendant's simple escape conviction as a fourth felony offender. At the sentencing hearing, in response to the Defendant's statement, ". . . I feel that . . . for being sentenced to forty-years for a simple escape, I think that's a little extreme," the trial court stated:

> you are not being sentenced to forty-years because you committed Simple Escape, you're being sentenced to forty-years because you committed a Simple Burglary in 1989. You're being sentenced to forty-years because you had a Stolen Goods under 100. Your being sentenced to forty-years, because you had a simple Burglary in 1990; you had a Theft under 100, which was a misdemeanor, in '90; you had a Purse Snatching in '91, a Burglary in 1991, with a Parole Violation; you had an Armed robbery in 1994; you had a Simple Robber (sic)in 1996; you had a Criminal Damage under Property, two counts which are misdemeanor; you had a Theft of Goods 1 to 5 which is a felony in 2001; and you've had thirty-two arrests in our parish prison. This is just Rapides Parish, I don't know what's going on in other parishes.

The Defendant's sentence is less than the maximum sentence that the habitual offender statute allows: life in prison. La.R.S. 15:529.1(A)(c)(i). We find that the trial court did not abuse its discretion in rendering the Defendant's sentence in light of analogous cases. *See State v. Hogan*, 38,962 (La.App. 2 Cir. 9/22/04), 882 So.2d 722, *writs denied*, 04-2637 (La. 2/18/05), 896 So.2d 30, 04-2885 (La. 6/24/05), 904 So.2d 718, in which the appellate court affirmed the trial court's sentence of forty years for simple escape where the defendant was a fourth felony offender. *See also State v. Nunn*, 599 So.2d 462 (La.App. 2 Cir. 1992), in which the appellate court affirmed the trial court's sentence of nine years in prison for simple escape where defendant was a multiple felony offender.

8

In his writ application, the Defendant asks this court to review the trial court's denial of his motion to reconsider sentence. The Defendant's writ application has been consolidated with his appeal and we will address his writ assignments of error below.

## ASSIGNMENT OF ERROR NUMBER ONE

Defendant asserts that the facts of this case constitutes the offense of flight from an officer rather than simple escape.

Simple escape, defined by La.R.S. 14:110(A)(1), states:

> [t]he intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, or detained from a place where such person is legally confined, from a designated area of a place where such person is legally confined, or from the lawful custody of any law enforcement officer or officer of the Department of Public Safety and Corrections.

This court addressed simple escape in *State v. Brooks*, 99-395 (La.App. 3 Cir. 12/22/99), 755 So.2d 311, *writ denied*, 00-1764 (La. 6/1/01), 793 So.2d 178, where the defendant, after being placed under arrest outside of a nightclub, escaped from police custody while waiting to be booked at the police station. This court affirmed the defendant's conviction for simple escape, referring in its opinion to La.R.S. 14:110; and found that the defendant had been in the custody of law enforcement officers, escaped their custody, thereby committing the offense of simple escape. In *State v. Bullock*, 576 So.2d 453 (La.1991), the court held that the term "lawful custody" within the simple escape statute, does not apply only to persons who have already been placed in jail facility, but can also apply to persons who have been arrested but not yet confined. Furthermore, in *Bullock*, this court firmly rejected the proposition that the Defendant asserts in the instant case; that he should have been charged with resisting an officer instead of simple escape. In *Bullock*, the court held

that any post-arrest "resistance or opposition" of an officer within the meaning of resisting an officer does not encompass flight, which falls under the crime of simple escape.

In the instant case, Officer Whitstine's testimony states: "I put him in the back of my car . . . I drove to the jail . . . he was standing right beside me, kind of behind me a little. I went to mash the up button to go upstairs to the jail and I hear footsteps and I turn around and he was going up the stairwell on me." Thus, it is clear that the Defendant was handcuffed and in police custody, in the police station parking garage when he escaped. The Defendant's conduct fits squarely within this court's rulings in both *Brooks* and *Bullock*, consequently, the Defendant was properly charged with simple escape.

## ASSIGNMENT OF ERROR NUMBER TWO

Defendant asserts that his sentence was excessive. This issue was addressed in Assignment of Error Number One in the appeal, wherein we determined that the Defendant's sentence was not excessive.

## ASSIGNMENT OF ERROR NUMBER THREE

The Defendant states ineffective assistance of counsel as an assignment of error in his writ, but fails to address the issue in his writ brief. Under Uniform Rules—Courts of Appeal, Rule 2-12.4: "[a]ll specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed." Furthermore, while Rule 2-12.4 is applicable to appeals, it also applicable to writ applications, pursuant to Uniform Rules—Courts of Appeal, Rule 4-8 which states: "[t]he Rules of the court pertaining to appeals and not conflicting with Rules specifically pertaining to applications for writs, when applicable and insofar as practicable, shall govern writ applications and

10

the disposition thereof." Because the Defendant has failed to brief any issue related to the ineffective assistance counsel in his writ brief, this assignment of error is deemed abandoned.

## CONCLUSION

The Defendant's sentence is affirmed, as the trial court did not abuse its discretion when it sentenced the Defendant to serve thirty-seven years and six months for simple escape as a fourth felony offender and two years and six-months for attempted possession of cocaine. However, we impose the following amendments as indicated below. The Defendant's simple escape sentence is amended to delete the denial of parole eligibility as well as the denial of good time eligibility and to clarify that the sentence is to run consecutively to any other sentences imposed. The trial court is instructed to make an entry in the minutes reflecting these amendments. Furthermore, the trial court is instructed to amend the minutes of sentencing to delete the statements indicating that the sentences were imposed concurrently. Additionally, the minutes of sentencing are amended to specify that the trial court enhanced the simple escape sentence under the fourth habitual offender sentencing provisions.

**AFFIRMED IN PART; AMENDED IN PART; AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rules 2-16.2 and 1-16.3, Uniform Rules, Court of Appeal.