NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-997

STATE OF LOUISIANA

VERSUS

HARRY LEE GATHE

AKA HARRY LEE GOTCH

AKA HAROLD LEE GOTCH

AKA HAROLD LEE GATHE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR118539
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

CONVICTION AFFIRMED.
SENTENCE VACATED AND RESENTENCING ORDERED WITH
INSTRUCTIONS.  MOTION TO WITHDRAW GRANTED.

**Michael Harson**
**District Attorney, 15th JDC**
**P.O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR PLAINTIFF APPELLEE:**
     **State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT APPELLANT:**
     **Harry Lee Gathe**

**Harry Lee Gathe**
**Winn Correctional Center**
**P. O. Box 1260**
**Winnfield, LA 71483**
**COUNSEL FOR DEFENDANT APPELLANT:**
     **Harry Lee Gathe**

**Harry Lee Gotch**
     **Harry Lee Gathe**

**Harold Lee Gotch**
     **Harry Lee Gathe**

**Harold Lee Gathe**
     **Harry Lee Gathe**

**SAUNDERS, Judge.**

Defendant, Harry Lee Gathe, was charged by bill of information filed on March 6, 2008 with simple burglary of an inhabited building, a violation of La.R.S. 14:62.2. He entered a plea of not guilty on June 24, 2008. On February 2, 2010, Defendant changed his plea to guilty. In accordance with the plea agreement, the trial court sentenced Defendant to twelve years at hard labor. That sentence was vacated, also according to the plea agreement, and Defendant was charged as a habitual offender. He then pled guilty to the habitual offender charge and was sentenced, according to the plea agreement, to twelve years at hard labor.

Defendant filed a motion for an out-of-time appeal on June 2, 2011. An order allowing the appeal was signed on June 3 and filed on June 8, 2011. Appellate counsel has filed an *Anders* brief in this matter alleging no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's counsel. Defendant has also filed a *pro* se brief.

## FACTS:

Defendant broke into an inhabited dwelling in Lafayette.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. We find that there are no errors patent.

## *PRO SE* ASSIGNMENT OF ERROR NO. 1:

Citing the court sentencing minutes as reference, Defendant contends the trial court erroneously denied him credit for time served in imposing his sentence. He contends he is statutorily entitled to credit for time served in accordance with La.Code Crim.P. art. 880. Defendant notes that on a silent record, La.Code Crim.P.

art. 880 is self-operating, but in this case the affirmative denial of credit for time served requires correction.[1]

Defense counsel noted in her supplemental brief to this court that the court minutes and the Commitment Order indicate the Defendant is not to receive credit for time served, but she contends this was not part of the sentence actually imposed by the trial court. She notes credit for time served is mandatory as evidenced by the use of the word "shall" in La.Code Crim.P. art. 880. Since this restriction was not ordered by the court, she contends it should be stricken.

The State responded to this argument by stating that the plea form is clear that the Defendant agreed that his twelve-year sentence was to be served starting February 1, 2010 and that he agreed to forfeit any time served for this charge. Thus, the State claims the court purposefully did not order that the Defendant receive credit for time served.

In sentencing the Defendant as a habitual offender, the judge stated, "I am going to vacate your original sentence and impose the habitual offender sentence of twelve (12) years at hard labor." The judge did not mention credit for time served. We do note that at the end of the habitual offender guilty plea form is a section titled "PLEA RECOMMENDATION." The first item listed is marked with an "X" and it states, "As a SECOND felony HABITUAL OFFENDER, a term of 12  years at hard labor, ~~credit for time served~~, without benefit of parole, probation, or suspension of sentence." At the bottom of the form is handwritten the statement, "The defendant agrees to begin his sentence of 12 years on the date of conviction 2-1-2010." Just above this "PLEA RECOMMENDATION" section is the following typewritten statement which is followed by the judge's signature:

---

[1] The comments to La.Code Crim.P. art. 880 state, "This Article makes the credit for prior custody self-operating even on a silent record."

2

I accept this guilty plea, find a factual basis therefor, adjudicate the defendant guilty, find the defendant to be a subsequent offender under the Habitual Offender Law, and accept and impose the Plea Recommendation sentence below, upon the defendant as an habitual offender under the Habitual Offender Law as set forth in LSA-RS 15:529.1, as the Sentence of this Court, as stated in open court. I further order that the fingerprints of the defendant be placed on the back of the Bill of Information/Indictment.

Above this paragraph are the signatures of the Defendant, defense counsel, and the prosecutor. Just above their signatures is a typewritten paragraph which concludes with the statement, "I further agree to the imposition of the plea recommended sentence below and any further orders of the court in connection therewith." The signatures of all of the parties appear above the PLEA RECOMMENDATION section that contains the sentence.

We find the Defendant's sentence is indeterminate in that it is unclear whether credit for time served was denied as alleged by the Defendant. Though the plea form indicates the judge imposed the sentence set forth on the bottom of the plea form, it also indicated that the sentence was "as stated in open court." Additionally, the fact that the phrase "credit for time served" is stricken on the form does not clearly indicate that it was intended to be denied by the court. Under the circumstances of this case, we vacate the Defendant's habitual offender sentence and remand the case for resentencing in accordance with La.Code Crim.P. art. 880, which provides that credit for time served is mandatory.

**_PRO SE_ ASSIGNMENT OF ERROR NO. 2:**

Defendant argues the trial court did not comply with La.Code Crim.P. art. 556.1 by failing to correctly inform him of his right to a trial by judge "or the correct sentencing provision for charged of conviction [sic]." He directs this court

to counsel's brief and argues the errors render his guilty plea unknowing and involuntary. We will dicuss these perceived errors below.

## *ANDERS* ANALYSIS:

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241, Defendant's appellate counsel filed a brief citing several potential errors for appeal, but she apparently concluded all of them would offer Defendant no relief. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id.* at 531.

While it is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *Jyles*, 704 So.2d at 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct.

4

3308 (1983) and *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241. Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "'a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.'" *Id.* at 242.

Defendant's counsel examined a number of potential errors in her brief. She noted Defendant was not specifically advised of his right to waive trial by jury and to be tried by the judge. She also noted the record indicated no prejudice to Defendant as a result of that error. Counsel stated "[t]he judge failed to comply with several provisions of La.Code Crim.P. art. 556.1." However, she also noted, "the last provision of the article provides 'Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.'" Counsel did not expand on the "several provisions of La.Code Crim.P. art. 556.1" with which the trial judge did not comply.

When the trial judge asked Defendant to state if he committed this offense, Defendant responded, "[l]ast year I went into a house –," and then agreed with the State about the house's address in Lafayette. The burglary of an inhabited dwelling with which Defendant was charged actually occurred at that address on September 24, 2004, more than five years before Defendant's plea. However, counsel points out her review of the record does not show Defendant did not

5

understand the charges to which he pled or that his "admission to breaking into the specific residence, without mention of a time frame, was incorrect."

Counsel also noted the trial judge did not set forth the plea agreement as required by La.Code Crim.P. art. 556.1(C). While the plea agreement was not placed on the record, counsel notes Defendant acknowledged the plea forms in open court, and the sentencing agreements were set forth on both plea forms. She proceeds to note sentencing issues that she feels would not support an assignment of error. We have discussed one such issue above in conjunction with Pro Se Assignment of Error No. 1. The remaining issues need not be discussed due to our finding that the sentence is vacated and the case remanded for resentencing. Counsel contends that, while this matter presents errors in the trial court, it presents no non-frivolous issues for appeal.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts and has confirmed the statements by counsel. Defendant was present and represented by counsel at all crucial stages of the proceedings, and he acknowledged guilty pleas on both plea forms after properly being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Contrary to the allegations of Defendant's *Pro Se* Assignment of Error No. 2, the trial court correctly informed Defendant of his possible sentence for simple burglary, and the State set forth Defendant's possible multiple offender sentence at the sentencing hearing. Our review of the record has revealed no issues that would support an assignment of error on appeal beyond that raised in Pro Se Assignment of Error No. 1. Therefore, appellate counsel's motion to withdraw is granted.

**DECREE:**

6

We vacate the Defendant's sentence and remand the case for resentencing in accordance with La.Code Crim.P. art. 880, La.R.S. 15:529.1(G), *State v. Tate*, 99-1483 (La. 11/24/99), 747 So.2d 519, and La.R.S. 14:62.2. Further, we grant appellate counsel's motion to withdraw and affirm Defendant's conviction.

**CONVICTION AFFIRMED. SENTENCE VACATED AND RESENTENCING ORDERED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules– Courts of Appeal, Rule 2–16.3.

11-997
COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

    Plaintiff-Appellee

VERSUS

HARRY LEE GATHE
a/k/a HARRY LEE GOTCH
a/k/a HAROLD LEE GOTCH
a/k/a HAROLD LEE GATHE

    Defendant-Appellant

On Appeal from the Fifteenth Judicial District Court, Docket Number CR118539, Parish of Lafayette, State of Louisiana, Honorable Edward D. Rubin, Judge.

## **O R D E R**

After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;

IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this __29th__ day of __February_____, 2012.

                    COURT OF APPEAL, THIRD CIRCUIT


                    _____
                    Judge John D. Saunders


                    _____
                    Judge Oswald A. Decuir


                    _____
                    Judge Marc T. Amy