747 So.2d 519 (1999)
STATE of Louisiana
v.
Printess TATE.
No. 99-K-1483.
Supreme Court of Louisiana.
November 24, 1999.
*520 PER CURIAM:[*]
Writ granted in part; denied in part. The court of appeal erred in deleting the term "without benefit of parole, probation, or suspension of sentence" in its entirety from the defendant's sentence.
La.R.S. 15:529.1(G) provides that any sentence imposed under the statute's multiple offender provision "shall be without benefit of probation or suspension of sentence." The court of appeal therefore erred in eliminating those terms from the sentence imposed by the district court, although the error is of no consequence in a case in which the court has imposed an executory term of imprisonment. State v. Lassere, 95-1009, p. 18 (La.App. 5th Cir. 10/1/96), 683 So.2d 812, 822; State v. Washington, 563 So.2d 530, 533 (La.App. 5th Cir.1990).
On the other hand, the district court erred by denying relator parole eligibility on his entire sentence and the court of appeal erred further by striking that term in its entirety. La.R.S. 15:529.1(G) does not place any restrictions on parole eligibility. However, La.R.S. 40:967(G) requires that a defendant serve without eligibility for parole the mandatory minimum terms provided by the legislature if convicted of an offense under La.R.S. 40:967(F). In addition, the restrictions on parole eligibility imposed on multiple offender sentences under La.R.S. 15:529.1 "are those called for in the reference statute." State v. Bruins, 407 So.2d at 685, 687 (La.1981). Because La.R.S. 40:967(G) allows and requires the district judge to deny parole eligibility only for the minimum terms provided by La.R.S. 40:967(F), the district judge erred in denying parole eligibility for the entire second offender term imposed under La.R.S. 15:529.1(A)(1)(a). State v. Branch, 30,733, pp. 15-16 (La.App. 2d Cir. 7/6/98), 714 So.2d 1277, 1287; State v. Wimberly, 95-1445, p. 6 (La.App. 4th Cir. 7/24/96), 678 So.2d 577, 580; State v. Shields, 614 So.2d 1279, 1285 (La.App. 2d Cir.1993). A judge must compute such a term of parole ineligibility with regard only to La.R.S. 40:967(F) and without regard to the calculation of the sentencing ranges provided by R.S. 15:529.1. La.R.S. 40:967(G); Shields, 614 So.2d at 1285.
Accordingly, the judgment of the court of appeal is vacated only to the extent that it eliminates from the defendant's sentence the conditions required by law, and the defendant's sentence is amended to provide that he serve 60 years imprisonment at hard labor without benefit of parole eligibility for 15 years. La.R.S. 40:967(G); R.S. 40:967(F)(1)(c); 1979 La. Acts. 313. The district court is directed to make an entry in the minutes reflecting this change. In all other respects, the application is denied.
NOTES
[*] Marcus, J., not on panel. See La. S.Ct. Rule IV, Part II, § 3.