PEATROSS, J.
 

 | defendant, Rodney Terrell Small, was charged with manslaughter, a violation of La. R.S. 14:31(A)(2)(a). He pled guilty as charged with an agreed sentence cap of 20 years’ imprisonment at hard labor. The court sentenced Defendant to serve 17 years’ imprisonment at hard labor. On appeal, Defendant urges only that his sentence is excessive. For the reasons stated herein, we affirm.
 

 FACTS
 

 On April 25, 2007, Defendant became engaged in an argument with Warren
 
 *492
 
 Wright in an alley behind a Shreveport business. Apparently, Mr. Wright had “snitched” on Defendant and several others after observing the men stealing a hat or hats from a street vendor. Defendant confronted Mr. Wright and an argument ensued. Defendant struck Mr. Wright once, and Mr. Wright fell to the ground and hit his head on the curb. The fall caused Mr. Wright’s death and Defendant was charged with manslaughter based upon a misdemeanor battery.
 

 When Defendant opted to plead guilty, the following exchange was had:
 

 Prosecutor: [The] State had tendered a plea offer in this matter, if the defendant pled guilty to one count of manslaughter, State would agree to a cap of 20 years in this matter. The charge carries zero to 40 years.
 

 So the agreement would be that the sentence range would be from zero to 20 years under the charge of manslaughter. Also, the State would request a sentencing hearing in this matter. I’ll defer to defense counsel.
 

 Defense counsel: Your Honor, that is the agreement. I’ve discussed this with Mr. Small, and at this time he would like to enter a plea of guilty to one count of manslaughter.
 

 12The court informed Defendant that the penalty for manslaughter is imprisonment for up to 40 years; and Defendant affirmed that, apart from what had been stated on the record in court, no one had made any promises to him about his sentence to get him to plead guilty. There was no agreement to allow Defendant to appeal his sentence.
 

 After a hearing, during which the court heard from Defendant and his family, the court sentenced Defendant within the agreed-upon sentence range to serve 17 years’ imprisonment at hard labor. Defendant filed a motion to reconsider sentence, which the court denied, and he now appeals, urging that his sentence is excessive.
 

 DISCUSSION
 

 Where a specific sentence or a sentencing cap has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive, and there is no need for the trial judge to give reasons for the sentence as normally required by La. C. Cr. P. art. 894.1. La. C. Cr. P. art. 881.2(A)(2);
 
 State v. Young,
 
 96-0195 (La.10/15/96), 680 So.2d 1171;
 
 State v. Foster,
 
 42,212 (La.App.2d Cir.8/15/07), 962 So.2d 1214.
 

 On appeal, Defendant recognizes the rule of
 
 Young,
 
 but argues that the sentence in this case is so harsh that this court should disregard that rule and review the sentence for constitutional exces-siveness. La. Const. art. 1, § 20, provides in part that no law shall subject any person to excessive punishment, and Defendant cites the dissent of Chief Justice Ca-logero
 
 injj¿Young,
 
 arguing that this court retains the authority to review this sentence for compliance with the Louisiana Constitution.
 

 This court is without authority to alter the pronouncements of the Louisiana Supreme Court, nor is any variation from the rule of
 
 Young
 
 warranted by the facts of this case. A plea bargain agreement is considered to be a contract between the state and the criminal defendant.
 
 State v. Davis,
 
 41,480 (La.App.2d Cir.11/1/06), 942 So.2d 652. As the record shows, Defendant entered into that agreement knowingly and voluntarily and without a reservation of the right to appeal his sentence. Compare
 
 Foster, supra.
 
 Defendant is not entitled to have that agreement set aside
 
 *493
 
 because he later becomes displeased with his choice.
 

 In summary, since the record establishes that the State, Defendant and the trial court agreed to the ceiling on Defendant’s sentence, and the subsequent sentence was imposed within the limits of that agreement, Defendant may not appeal his sentence.
 
 See State v. Jonas,
 
 29,750 (La.App.2d Cir.8/20/97), 698 So.2d 744.
 

 CONCLUSION
 

 For the foregoing reasons, the conviction and sentence of Defendant, Rodney Terrell Small, are affirmed.
 

 AFFIRMED.