BROWN, Chief Judge.
| jDefendant, Christopher Bazile, pled guilty to attempted aggravated rape and was sentenced to serve 40 years at hard labor, without benefit of probation, parole, or suspension of sentence. Defendant has appealed his conviction and sentence. We affirm.

Facts

Defendant was indicted by a grand jury on August 3, 2009, on charges of aggravated rape, armed robbery, and possession of a firearm by a convicted felon. The state notified defendant that discovery indicated that a firearm was discharged or used in the commission of the crime and that under the firearm sentencing provisions in La. C. Cr. P. art. 893.1(B), any sentence imposed would not be suspended, and defendant would not be eligible for parole. Defendant was also notified that the state would be introducing evidence of his confession at trial.

Guilty Plea Hearing

On August 6, 2010, Defendant appeared before the court to withdraw his previous plea of not guilty and as part of an agreement with the state, pled guilty to the lesser charge of attempted aggravated rape. The prosecution provided details of the agreement as follows:
• If the guilty plea was accepted, the other two charges would be dismissed.
• A pre-sentence investigation report would be ordered.
• There would be an agreed sentence cap of 40 years at hard labor, without benefit of probation, parole, or suspension of sentence.
The statement of facts provided that on July 8, 2009, Defendant appeared at the victim’s residence in Minden where she lived with her infant | ..child. Armed with a firearm, he forced the victim to perform oral sex on him and attempted to have anal intercourse with her. Defendant also stole her cell phone and money.
The transcript of the guilty plea colloquy provided the following regarding the *562 knowing and voluntary nature of defendant’s guilty plea.
Defendant confirmed to the court that he was not under the influence of any type of medication, drugs, or alcohol. He stated that he was 23 years old, had completed the 10th grade and could read and write. Defendant had discussed the matter with his attorney and was satisfied with his representation. He agreed that he understood the charge of attempted aggravated rape. Defendant affirmed that he understood the rights that he was giving up by pleading guilty and that he would be admitting guilt. He affirmed that no one promised him anything to plead guilty or persuaded or forced him to plead guilty. Following defendant’s advisement of his Boykin[1] rights, he pled guilty to attempted aggravated rape. The other two charges were nol prossed. A pre-sentence investigation report was ordered.
After a recess, the trial court advised defendant that the charge to which he pled guilty to was classified as a sex offense, and that he was subject to the requirements for sex offender registration. Defendant affirmed that defense counsel had reviewed the sex offender notification forms with him, and that he had initialed and signed the forms.
On October 25, 2010, the trial court sentenced defendant to 40 years’ imprisonment at hard labor, without benefit of probation, parole, or | ¡^suspension of sentence. The sentence was ordered to be served consecutive to defendant’s other sentence of eight years on a prior felony.[2]
On December 21, 2010, defendant filed a “Motion for My Post Conviction Sentence.” The trial court advised him by letter dated January 25, 2011, that his request could not be considered until he submitted a properly signed and notarized uniform application, and provided a blank form for his use. On December 1, 2011, defendant filed a uniform application for post-conviction relief and requested an out-of-time appeal, which was granted by the trial court on December 21, 2011.
Appeal
On appeal, appellate defense counsel filed an Anders brief,[3] wherein he stated that he found no nonfrivolous issues to raise on appeal, as the issue of defendant’s sentence was procedurally barred due to the plea agreement of a 40-year cap.[4] See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.04/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlined the procedural history and facts of the case. The brief also contains “a detailed and reviewable assessment for both the defendant and the Dappellate court of whether the appeal is worth pursuing in the first place.” State v. Jyles, supra. Appellate counsel stated that considering that defendant’s sentence was within the agreed cap, the benefits he re *563 ceived by pleading guilty, and the trial court’s discretion in sentencing, any claim that the sentence was constitutionally excessive would be without merit. Counsel also asserts that the short delay in defendant being notified of the sex offender requirements was not enough to render his guilty plea involuntary, as he was informed of the requirements on the same day that he pled guilty, and he was represented by counsel at all times. Defense counsel also verified that he mailed copies of the motion to withdraw and his brief to the defendant, in accordance with Anders v. State, State v. Jyles, State v. Montan, and State v. Benjamin, swpra.
By letter dated April 18, 2012, the state agreed that there are no nonfrivolous issues to raise on appeal.
Defendant has filed a pro se brief claiming that his guilty plea was involuntary and that the sentence imposed was excessive. According to defendant, the trial court’s failure to advise him of the sex offender registration and notification requirements prior to accepting his guilty plea rendered his plea involuntary because the late notice was noncompliant with La. R.S. 15:548. He relies upon State v. Calhoun, 96-0786 (La.5/20/97), 694 So.2d 909, in which the state supreme court found that the trial court’s failure to advise the defendant of the sex offender registration requirements before accepting his guilty plea was a factor that undercut the volun-tariness of his plea. Defendant also contends that his plea was not knowing and | ¿voluntary because he was not informed about the sex offender notice registration requirements prior to pleading guilty.
Finally, defendant claims that his sentence was excessive and that the trial court “dehumanized and downplayed” his mitigating factors during sentencing.

Discussion

A review of the appellate record revealed no errors patent and no explicit problems with the bill of information, the guilty plea or the sentencing proceedings. Furthermore, defendant is precluded from seeking review of his sentence because it was imposed in conformity with a plea agreement set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2.
La. R.S. 15:543 was modified by Acts 2007, No. 460, § 2. Prior to this change, the trial court was required to provide written notification to any person charged with a sex offense of the registration and notification requirements. The modification changed the requirement so that any person convicted of a sex offense must receive notification. Defendant bases his argument on the holding set forth in State v. Calhoun, supra, but this decision was based on the language of La. R.S. 15:543 prior to the changes in 2007. The court’s notice was compliant with the current text of the La. R.S. 15:543 at the time of defendant’s plea, so his argument is without merit.
Defendant’s other claim, that his plea was not knowing and voluntary because he was not informed about the sex offender notice registration ^requirements prior to pleading guilty, is likewise without merit. As noted above, the trial court was not required to give notice to defendant of the sex offender registration requirements pri- or to accepting his guilty plea, but upon his conviction. See La. R.S. 15:543. Nonetheless, the guilty plea transcript shows that in the course of determining whether defendant had discussed the nature of his charges with his counsel and whether he understood the charges against him, the court advised defendant that because the charge to which he had pled guilty to was a sex offense, he was subject to the sex offender registration requirements. De *564 fendant indicated his understanding to the court and also stated that his discussion with his attorney had included counsel going over the sex offender forms, which defendant had initialed and signed. See, State v. R.A.L., 10-1475 (La.App. 3d Cir.06/29/11), 69 So.3d 704.

Conclusion

For the foregoing reasons, defendant’s conviction and sentence are affirmed.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Defendant had a prior felony conviction for which he received an eight-year suspended sentence and was on probation when he was arrested for the instant offense. His probation was subsequently revoked.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

.Appellate counsel indicated that the plea agreement was that the sentence would be imposed concurrent to defendant's prior sentence, but this is incorrect. There was no agreement as to whether the subsequent sentence would be concurrent or consecutive, and the trial court ordered that defendant's sentence on the instant offense would be served consecutively to the prior sentence.