STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-334

STATE OF LOUISIANA

VERSUS

MICHAEL GUILLORY

\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 13755-14
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE

\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, James T. Genovese, and John E. Conery, Judges.

SENTENCE FOR INDECENT BEHAVIOR WITH A JUVENILE
VACATED AND REMANDED FOR RESENTENCING;
SENTENCE FOR FORCIBLE RAPE AFFIRMED.

John F. DeRosier, District Attorney
Karen McLellan, Assistant District Attorney
Fourteenth Judicial District
901 Lakeshore Drive, Suite 800
Lake Charles, LA 70601
(337) 437-3400
**ATTORNEY FOR APPELLEE**
    State of Louisiana

William R. Thornton
Louisiana Appellate Project
P.O. Box 51992
Lafayette, LA 70505-1992
(337) 534-4656
**ATTORNEY FOR DEFENDANT/APPELLANT**
    Michael Guillory

**COOKS, Judge.**

Defendant, Michael Guillory, appeals his sentences for forcible rape and indecent behavior with a juvenile.[1] A habitual offender proceeding and sentencing occurred on December 3, 2014. The State admitted Defendant's records from the Department of Corrections regarding his prior convictions into evidence as State's exhibit one. The State called Cynthia Killingsworth of the Calcasieu Parish District Attorney's Office as its sole witness. Ms. Kilingsworth testified she had previously prosecuted Defendant on a gang rape-related charge, resulting in a plea to oral sexual battery and aggravated battery on April 24, 2002. He received consecutive sentences of three and ten years, respectively, but was placed on a five-year term of probation. After he was released, his probation was revoked. The State's exhibit one contained a "certificate of release" indicating that Defendant completed his sentence on February 4, 2014. The State indicated that it was seeking second habitual offender status, and the court so found.

As to the forcible rape conviction, the court found the sentencing range to be twenty to eighty years and sentenced Defendant to fifty years at hard labor without benefit of probation, parole, or suspension of sentence, with credit for time already served. As to Defendant's conviction for indecent behavior with a juvenile, the court found the permissible sentencing range to be three and one-half to fourteen years and sentenced Defendant to ten years at hard labor without benefit of probation, parole, or suspension of sentence, with credit for time already served. The court ordered the sentences to be served consecutively because the convictions concerned offenses perpetrated against two victims.

---

[1]Defendant filed a motion to consolidate the matters captioned in docket numbers KA15-333 and KA15-334 for briefing purposes only. The former docket number applies to Defendant's appeal of his conviction after a trial on the merits, and the latter, addressed in this opinion, applies to Defendant's habitual offender proceedings and sentencing. This court granted the motion and ordered the matters consolidated for briefing purposes only.

## FACTS

After a trial by jury, Defendant was convicted of forcibly vaginally raping a minor victim and of committing a lewd or lascivious act upon a second minor victim with the intent of arousing or gratifying his sexual desires while more than two years her senior.

## ASSIGNMENT OF ERROR

Defendant has presented no assignment of error as to his sentence. Accordingly, any potential assignments of error as to sentence may be considered abandoned. *See* Uniform Rules, Courts of Appeal—Rule 2-12.4(B)(4).

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there is one error patent concerning Defendant's sentences.

For forcible rape, Defendant was sentenced to fifty years. He was sentenced to ten years for indecent behavior with a juvenile. The trial court ordered that both sentences be served in the Louisiana Department of Corrections, to run consecutively. After being informed that the habitual offender statute provides sentences are to be served "without benefit" the trial court stated, "it's without benefit of probation, parole or suspension of sentence."

> Although Section G of La.R.S. 15:529.1 requires all enhanced sentences to be imposed without benefit of probation or suspension of sentence, it does not authorize the trial court to impose enhanced sentences without benefit of parole. "[T]he restrictions on parole eligibility imposed on multiple offender sentences under La.R.S. 15:529.1 'are those called for in the reference statute.' (citation omitted)" *State v. Tate*, 99-1483, pp. 1-2 (La.11/24/99), 747 So.2d 519, 520. The penalty provision for simple escape, the reference statute, does not authorize the trial court to impose any portion of the sentence without benefit of parole. La.R.S.14:110. Consequently, we amend Defendant's sentence to delete the denial of parole eligibility and instruct the trial court to make an entry in the minutes reflecting this change. *State v. Dossman*, 06-449, 06-450 (La.App. 3 Cir.

9/27/06), 940 So.2d 876, *writ denied*, 06-2683 (La.6/1/07), 957 So.2d 174.

*State v. Barfield*, 11-515, p. 6 (La.App. 3 Cir. 11/23/11), 81 So.3d 760, 766, *writ denied*, 11-2818 (La. 4/13/12), 85 So.3d 1246.

While the penalty provision for forcible rape requires at least two years of the sentence to be served without benefit of parole, the penalty provision for indecent behavior with a juvenile does not contain a parole restriction. La.R.S. 14:42.1, 14:81.1(H)(1). It appears that the trial court sentenced Defendant under the mistaken belief that the habitual offender statute required the denial of parole, which it did not in 2007 (the time of the commission of the offenses being enhanced.) For forcible rape, the trial court was required to impose a sentence with at least two years without benefit of parole, but for indecent behavior with a juvenile imposed under La.R.S. 14:81.1(H)(1), the trial court could not deny parole. Accordingly, Defendant's ten-year sentence without parole on the conviction for indecent behavior with a juvenile is legally impermissible and must be remanded for resentencing. However, the fifty-year sentence on the enhanced forcible rape conviction is separate and can be imposed without benefit of probation, parole or suspension of sentence.

**DECREE**

For the foregoing reasons, Defendant's sentence of ten-years without parole on the conviction for indecent behavior with a juvenile is vacated and remanded for resentencing. The sentence for forcible rape is affirmed.

**SENTENCE FOR INDECENT BEHAVIOR WITH A JUVENILE VACATED AND REMANDED FOR RESENTENCING; SENTENCE FOR FORCIBLE RAPE AFFIRMED.**