STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-598

STATE OF LOUISIANA

VERSUS

ASA BENTLEY
AKA - ASA N. BENTLEY


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 184933
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and David Kent Savoie, Judges.

SAVOIE, J., dissents and assigns reasons.

VACATED AND REMANDED.

Charles A. Riddle, III
District Attorney, Twelfth Judicial District
P. O. Box 1200
Marksville, LA 71351
Telephone: (318) 253-6587
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

Michael F. Kelly
First Assistant District Attorney, Twelfth Judicial District
P. O. Box 528
209 North Main Street
Marksville, LA 71351
Telephone: (318) 253-5815
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

**Chad Ikerd**
**Louisiana Appellate Project**
**P. O. Box 2125**
**Lafayette, LA 70502**
**Telephone: (225) 806-2930**
**COUNSEL FOR:**
**Defendant/Appellant - Asa Bentley AKA - Asa N. Bentley**

**Asa Bentley, Pro Se**
**Camp D Raven 4/L**
**Louisiana State Prison**
**Angola, LA 70712**
**Defendant/Appellant**

**THIBODEAUX, Chief Judge.**

After a jury convicted Defendant Asa N. Bentley of second degree kidnapping, the State filed a habitual offender bill of information pursuant to La.R.S. 15:529.1(A)(1), alleging that Defendant had previously been convicted of forgery. Accordingly, the State asserted that Defendant should be sentenced within the range of twenty to eighty years as required by the habitual offender statute. After a hearing, the trial court sentenced Defendant to seventy years at hard labor without benefit of probation, parole, or suspension of sentence. Defense counsel objected to the sentence and subsequently filed a motion to reconsider sentence on the basis that Defendant's habitual offender sentence denied him parole eligibility for longer than it allowed for his conviction for second degree kidnapping. The court denied the motion.

For the following reasons, we vacate Defendant's sentence and remand to the trial court for resentencing.

## FACTS

Defendant and his co-defendants forced the victim, Jessica Guillot, into his vehicle where Defendant beat and strangled her. She has been missing since and is presumed dead. As noted above, after conviction, Defendant received a second-felony offender sentence of seventy years at hard labor without benefit of probation, parole, or suspension of sentence.

## ISSUE

We shall consider whether the trial court erred in denying Asa Bentley's Motion to Reconsider Sentence because his habitual offender sentence

denied him parole eligibility for longer than is allowed for his conviction for second degree kidnapping.

## LAW AND DISCUSSION

Defendant argues that his sentence should have been determined by reference to both the underlying statute and the habitual offender statute. He concedes that his seventy-year sentence is "*statutorily* permissible" but that the parole restrictions placed thereon are not. Relying on *State v. Tate*, 99-1483 (La. 11/24/99), 747 So.2d 519, he argues that the habitual offender law does not permit imposition of an enhanced sentence that would "deny parole eligibility for a second offender term for a period longer than what the 'reference statute' allows." He then reasons that the statute for second degree kidnapping, which requires that "[a]t least two years [of the five to forty years] of the sentence imposed" be served without the benefit of parole, in turn limits his habitual offender sentence. Accordingly, he concludes that:

> This means that a sentencing judge could restrict parole anywhere from 2 years to 40 years for this crime. Pursuant to *Tate*, however, while the trial court here was permitted to sentence Mr. Bentley to 70 years under the habitual offender statute, the trial court was not permitted to restrict his eligibility for parole beyond the maximum sentence for second degree kidnapping—40 years. Thus, the 70-year restriction on parole ineligibility was not authorized by law.

The State objects to the relief sought, arguing that none of the cases cited by Defendant "involved a decision interpreting the result when the 'referencing statute' provides for the denial of parole eligibility for the entire term of the sentence." The State reasons that because the reference statute, La.R.S. 14:44.1, allows for the denial of parole eligibility for up to the entire term of forty

2

years, the trial court was within its authority to deny parole eligibility for up to the entire term of the habitual offender sentence as it did.

Louisiana Revised Statutes 15:529.1(G) states in pertinent part: "[a]ny sentence imposed under the provisions of this Section [habitual offender law] shall be at hard labor without benefit of probation or suspension of sentence."

Defendant argues that the trial court's parole restriction is illegally excessive since denial of parole eligibility for the entire sentence is not *required* by the reference statute. Conversely, the State asserts that because the trial court has the discretion to deny parole eligibility in its entirety upon conviction for the underlying offense, such denial may be extended to the entirety of the habitual offender sentence. *See State v. Overton*, 337 So.2d 1201, 1207 (La.1976) (stating that a defendant's status as a third felony offender upon conviction for armed robbery subjected him to up to 198 years at hard labor without the benefit of parole).

The State cited *State v. Cain*, 09-924, pp. 2-3 (La.App. 3 Cir. 3/10/10) (unpublished opinion) (emphasis added),[1] in which this court reasoned and ruled that:

> Although La.R.S. 15:529.1(G) requires all enhanced sentences to be imposed without benefit of probation or suspension of sentence, *it does not authorize the trial court to impose enhanced sentences without benefit of parole unless the underlying statute provides for no parole eligibility*. *See State v. Tate*, 99-1483 (La.11/24/99), 747 So.2d 519. The penalty provision found in La.R.S. 14:65, which is the underlying statute, does not authorize the trial court to impose any portion of the sentence without benefit of parole. Therefore, the trial court improperly denied parole eligibility.

---

[1]2010 WL 786160.

3

One could read this particular passage to suggest that only when "the underlying statute provides for *no* parole eligibility" may the court extend such a restriction to the "enhanced sentence." The interpretation of the second degree kidnapping sentencing provision would then become a matter of perspective. Put another way, does the "at least" language provide for parole eligibility; or, does the statute "provide for no parole eligibility" in light of the trial court's discretionary authority to deny parole up to the entire sentence for second degree kidnapping. In the former instance, Defendant's argument would prevail; in the latter, the State's argument would.

When two or more interpretations of a criminal statute are possible, the one construed in the light most favorable to the defendant applies. The rule of lenity prevails. "It is a well-established tenet of statutory construction that criminal statutes are subject to strict interpretation under the rule of lenity. *State v. Carouthers*, 618 So.2d 880 (La.1993). Thus, criminal statutes are given a narrow interpretation and any ambiguity in the substantive provisions of a statute as written is resolved in favor of the accused and against the State." *State v. Carr*, 99-2209 (La. 5/26/00), 761 So.2d 1271, 1274 (citations omitted). "The rule of lenity applies not only to interpretation of the substantive ambit of criminal laws, but also to the penalties imposed by those laws." *State v. Piazza*, 596 So.2d 817, 820 (La.1992) (citations omitted). *Piazza* further explained that:

> [A] necessary concomitant of the due process requirement of certainty in the definition of criminal conduct is the requirement that the penalty portion of a statute be definite. *State v. Shondel*, 22 Utah 2d 343, 453 P.2d 146 (1969); *compare State v. LeCompte*, 406 So.2d 1300 (La.1981) (on original hearing). When the statutory penalty for a crime is indefinite, the accused will be forced to speculate on the range of sentence to which he will be exposed upon conviction and will be unable to

4

intelligently evaluate developments in the plea bargaining process. To resolve the conflict when a criminal statute provides inconsistent penalties, or when two or more interpretations are possible, the rule of lenity directs the court to impose the least severe penalty.

*Id*. Consequently, Defendant's parole eligibility in this case cannot exceed a period longer than that for second degree kidnapping, the underlying offense.

Augmenting the rule of lenity is jurisprudence supporting Defendant's position. For example, the second circuit found error in the trial court's denial of parole eligibility for defendant's entire sentence when the underlying statute only required that a fixed amount of time be served before eligibility:

> Shoupe was sentenced as a second-felony offender, subject to a sentencing range of 15–60 years, without the benefit of probation or suspension of sentence. Shoupe received a sentence of 20 years at hard labor without benefit of probation, parole, or suspension of sentence. Prior to sentencing Shoupe, the court noted its consideration of his criminal record and that the likelihood of Shoupe's committing another DWI was great. The court determined to show Shoupe "a little mercy" and sentenced him at the lower end of the possible sentencing range.

> . . . .

> We note an error patent on the face of the record. La. R.S. 15:529.1(G) provides that any sentence imposed under the provisions of this section (Habitual Offender Law) shall be at hard labor without benefit of probation or suspension of sentence. Regarding the imposition of a sentence without benefit of *parole,* the conditions imposed on the sentence are those called for in the sentencing provisions for the underlying felony offense. *State v. Nickles*, 46,189 (La.App. 2 Cir. 4/13/11), 60 So.3d 728; *State v. Richard*, 550 So.2d 300 (La.App. 2d Cir.1989). The sentence conditions required by La. R.S. 15:529.1(G) are additions to, rather than replacements of, those conditions required by the sentencing provisions for the underlying offense. *State v. Nickles, supra*; *State v. Robinson*, 46,330 (La.App.2d Cir.2/18/11), 54 So.3d 1292.

5

On the date of the crime, fourth offense DWI (La. R.S. 14:98(E)) mandated that the first 60 days of the sentence be imposed without the benefit of parole, probation or suspension of sentence. Although the statute granted the court the authority to suspend "all or any part" of the remaining sentence, it did not grant the court the authority to extend the parole restriction beyond 60 days. Accordingly, we amend the defendant's sentence to provide that only the first 60 days of the sentence be served without benefit of parole.

*State v. Shoupe*, 46,395, pp. 19-20 (La.App. 2 Cir. 6/22/11), 71 So.3d 508, 519, *writ denied*, 11-1634 (La. 1/13/12), 77 So.3d 950. A similar situation is presented in *State v. Young*, 02-1280, pp. 6-7 (La.App. 4 Cir. 1/22/03), 839 So.2d 186, 191, *writ denied*, 03-599 (La. 10/17/03), 855 So.2d 756 (footnote omitted):

In this case, the sentencing provision for the underlying conviction is La. R.S. 40:967(B)(4)(b), which provided for a five year restriction on parole at the time of the offense. The trial court erred insofar as it restricted Mr. Young's parole ineligibility beyond the first five years of his sentence.

Pursuant to La.C.Cr.P. art. 882, an appellate court may correct an illegal sentence. We, therefore, amend Mr. Young's sentence to provide that the entire fifteen years are without benefit of probation or suspension of sentence, but that only the first five years are without benefit of parole eligibility.

Defendant's position is comparable to the reasoning in *Shoupe* and *Young* to the extent that La.R.S. 14:44.1 is read as mandating parole restriction to a specific number of years, as opposed to an absolute ban.

Because La.R.S. 14:44.1 does not require that parole eligibility be denied in its entirety, *Cain*, 09-924, the parole restriction in La.R.S. 14:44.1 is tantamount to those statutes providing for parole eligibility, *see*, e.g., *Young*, 839 So.2d 186, and the rule of lenity's application to penalties, we conclude that the trial court erred in restricting parole for Defendant's entire sentence.

6

Consequently, we vacate Defendant's sentence and remand to the trial court for resentencing.

## ERROR PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. Here, although the court's minutes of sentencing reflect that Defendant was advised of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8, the sentencing transcript does not reflect such notice. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Accordingly, we direct the trial court to provide notice to Defendant of the provisions of Article 930.8 at the time of resentencing.

## CONCLUSION

For the foregoing reasons, we reverse Defendant's sentence and remand for resentencing.

**VACATED AND REMANDED**.

7

STATE OF LOUISIANA

THIRD CIRCUIT COURT OF APPEALS

15-598

STATE OF LOUISIANA

VERSUS

ASA BENTLEY

AKA – ASA N. BENTLEY

**Savoie, J. dissents.**

I respectfully disagree with the majority's opinion. While this case does not present a set of facts that fits neatly into either category of cases presented by the State or Defendant, I find the State's argument persuasive. The court found in *Cain*, 09-924, pp. 2-3, that La.R.S. 15:529.1(G) "does not authorize the trial court to impose enhanced sentences without benefit of parole unless the underlying statute provides for no parole eligibility."

The second degree kidnapping statute authorizes the trial court, in its discretion, to deny parole eligibility up to the maximum term allowable by law, forty years. *See* La.R.S. 14:44.1(C). In my view, the parole restriction set forth in La.R.S. 14:44.1 is equivalent to the statutes which "provide for no parole eligibility," and the trial court was therefore within its authority to deny parole on Defendant's entire enhanced sentence. Accordingly, I would find no error in the trial court's ruling.