# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

QUARION J. JENKINS

NO. 2021 KW 1522

JAN 3 1 2022

In Re:    Quarion J. Jenkins, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 07-08-0874.

BEFORE:    McDONALD, LANIER, AND WOLFE, JJ.

WRIT DENIED. A felony sentence cannot be amended once a defendant has started serving the sentence. See La. Code Crim. P. art. 881(A). See also La. Code Crim. P. art. 881.2(A)(2). Furthermore, where a specific sentence has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive, and there is no need for the trial judge to give reasons for the sentence as normally required by La. Code Crim. P. art. 894.1. See **State v. Small**, 44,554 (La. App. 2d Cir. 8/19/09), 17 So.3d 491, 492, writ denied, 2009-2057 (La. 4/5/10), 31 So.3d 356. Moreover, the due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea. **State v. Smith**, 2009-769 (La. App. 5th Cir. 3/9/10), 38 So.3d 894, 896, n. 1, writ denied, 2010-0843 (La. 11/5/10), 50 So.3d 812. Accordingly, the district court did not err in denying relator's motion to correct an illegal sentence.

JMM
WIL
EW

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT