NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-601

STATE OF LOUISIANA

VERSUS

LAWRENCE MICHAEL HANDLEY
A/K/A LAWRENCE M. HANDLEY

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR-163212
HONORABLE SCOTT J. PRIVAT, DISTRICT JUDGE

**********

**CANDYCE G. PERRET**
**JUDGE**

**********

Court composed of Shannon J. Gremillion, Candyce G. Perret, and Sharon Darville Wilson, Judges.

**AFFIRMED.**

**Scott M. Hawkins**
**Hawkins & Associates, LLC**
**913 South College Rd., Suite 260**
**Lafayette, LA   70503**
**(337) 210-8818**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Lawrence Michael Handley**

**Donald D. Landry**
**District Attorney**
**Post Office Box 3306**
**Lafayette, LA   70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
       **State of Louisiana**

**Kenneth P. Hebert**
**Assistant District Attorney**
**800 S. Buchanan St.**
**Lafayette, LA   70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
       **State of Louisiana**

**PERRET, Judge.**

Defendant, Lawrence Michael Handley, pled guilty to second degree kidnapping, in violation of La.R.S. 14:44.1, and was sentenced to thirty-five years at hard labor without the benefit of parole. He now appeals his conviction and sentence, alleging the trial court erred in denying his request to withdraw his plea, erred in imposing a sentence to be served entirely without the benefit of parole, and erred in imposing an excessive sentence. For the following reasons, we affirm Defendant's conviction and sentence.

**FACTS AND PROCEDURAL HISTORY:**

On September 13, 2017, Defendant was charged by bill of indictment with criminal conspiracy to commit second degree murder, in violation of La.R.S. 14:26 and 14:30.1 (count one), criminal conspiracy to commit aggravated kidnapping, in violation of La.R.S. 14:26 and 14:44 (count two), aggravated kidnapping, in violation of La.R.S. 14:44 (count three), attempted second degree kidnapping, in violation of La.R.S. 14:27 and 14:44.1 (count four), second degree kidnapping, in violation of La.R.S. 14:44.1 (count five), and violating a protective order, in violation of La.R.S. 14:79 (count six). On October 10, 2017, Defendant pleaded not guilty and not guilty by reason of insanity, which he later amended to a plea of not guilty.

On July 26, 2021, Defendant entered a guilty plea. Before Defendant entered his plea, the State set forth the following factual basis for an amended second degree kidnapping charge (count three):

> Count 3, the State would have proven that on or about August 6, 2017, Mr. Lawrence Michael Handley committed the kidnaping of Schanda Handley by contacting two co-conspirators who went to the residence of Ms. Handley, forcibly entered the home and took Schanda Handley into their custody, handcuffing her, both while

armed with small, black, semiautomatic pistols, and placed her in the back of a white van and drove her[.]

On the way to Baton Rouge, just shortly before Baton Rouge, the vehicle was attempted to be stopped by police. The other conspirators fled and Ms. Handley was found in the back of the car, and she survived.

Thereafter, Defendant pled guilty to an amended count of second degree kidnapping (count three), one count of attempted second degree kidnapping (count four), and an additional count of second degree kidnapping (count five). At the time, the State had also provided a factual basis for these counts. Pursuant to the plea agreement, the State dismissed counts one, two, and six. The State and Defendant agreed to sentencing ranges for each of the remaining counts and agreed the sentences would be served concurrently with one another. The trial court ordered a presentence investigation be conducted and set the matter for sentencing.

On September 23, 2021, Defendant filed a "Motion to Withdraw Plea" pursuant to La.Code Crim.P. art. 559. Defendant argued his pleas for all three counts were constitutionally infirm because he was not adequately advised of the registration requirements set forth in La.R.S. 15:541 *et seq.* before entering his guilty pleas.[1]

---

[1] Louisiana Revised Statutes 15:541 *et seq.* provide registration and notification requirements for sex offenders and child predators. Written notification must be given to defendants by the trial court on the statutorily required form and "shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant, and an entry shall be made in the court minutes stating that the written notification was provided to such offenders." La.R.S. 15:543(A). In *State v. Calhoun*, 96-786 (La. 5/20/97), 694 So.2d 909, the supreme court interpreted La.R.S. 15:543(A) as requiring the trial court to advise defendants of the notification requirements prior to accepting a guilty plea. The supreme court further found that a trial court's "failure to timely notify a defendant of the registration requirements is a factor that **can** undercut the voluntary nature of a guilty plea." *Id.* at p. 914 n. 6. However, in 2007, the legislature amended La.R.S. 15:543. Prior to the 2007 amendment, the trial court was required to provide written notification of the registration and notification requirements to any person *charged with* a sex offense. The 2007 amendment changed the notification requirement to anyone *convicted of* a sex offense and a criminal offense against a minor. The second circuit has interpreted this amendment as abolishing the requirement that the trial court notify the defendant of the registration requirements prior to accepting a guilty plea. *State v. Bazile*, 47,412 (La.App. 2 Cir.

2

At the September 30, 2021 hearing on the motion, the State acknowledged that Defendant was not notified of the registration requirements prior to entering his guilty pleas. The State and Defendant agreed he should be allowed to withdraw his guilty pleas as to counts four and five which the trial court permitted. The State then dismissed counts four and five, and Defendant stated that he would maintain his guilty plea as to count three, second degree kidnapping. Subsequently, on March 24, 2022, the trial court sentenced Defendant to thirty-five years at hard labor without the benefit of parole.

On April 22, 2022, Defendant filed a pleading entitled "Motion to Reconsider Pursuant to La. C. Cr. P. art. 881.1; Motion to Correct Illegal Sentence Pursuant to La. C. Cr. P. art. 881.5; Motion to Withdraw Plea Pursuant to La. C. Cr. P. art. 559" and a memorandum in support of his motions. Defendant first contended he should be allowed to withdraw his guilty plea because he was never properly *Boykinized*. He argued that the July 26, 2021 colloquy was ineffective due to the trial court's failure to advise him of the registration requirements, and the trial court did not re-*Boykinize* Defendant at the September 30, 2021 hearing prior to his guilty plea to count three. Secondly, Defendant argued the trial court exceeded its authority by ordering his thirty-five-year sentence to be served entirely without the benefit of parole, which he claimed rendered his sentence illegal. Finally, Defendant asserted his sentence was excessively harsh and

9/26/12), 106 So.3d 560, *writ denied*,12-2443 (La.4/5/13), 110 So.3d 1071. However, the post-2007 language of La.R.S. 15:543 still requires the notification to be included on any guilty plea forms and judgment and sentence forms provided to the defendant. Furthermore, this court has applied the analysis set forth by *Calhoun* to post-2007 cases. *See State v. G.T., Jr.*, 10-1469 (La.App. 3 Cir. 6/15/11), 71 So.3d 394.

On count five, notice of the registration and notification requirements should have been given to Defendant prior to his guilty plea, because the victim was under the age of eighteen at the time of the second degree kidnapping. The record is not clear why the State dismissed count four as the victim was not a minor.

3

unconstitutional considering the facts and evidence of the case. The trial court denied the motions at a hearing held on July 21, 2022.

On August 12, 2022, Defendant filed a motion for appeal which was granted by the trial court. Defendant is now before this court alleging three assignments of error:

1. The trial court committed legal error by imposing a thirty-five (35) year sentence to be served entirely without the benefit of parole.

2. The trial court committed legal error by denying [Defendant's] motion to withdraw his guilty plea.

3. The trial court committed err[or] by imposing an excessive sentence.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we found no errors patent.

**DISCUSSION:**

Given that Assignment of Error Number Two challenges the validity of Defendant's plea, we will address this assignment first. In his second assignment of error, Defendant asserts it was legal error for the trial court to deny his "Motion to Withdraw Plea." Defendant contends that his July 26, 2021 *Boykinization* was constitutionally defective due to the trial court's failure to advise him of the registration requirements applicable to count five—which, in effect, rendered all of his guilty pleas involuntarily and unintelligently made—and, therefore, the trial court was required to re-*Boykinize* Defendant at the September 30, 2021 hearing. Because the trial court did not properly re-*Boykinize* him, Defendant suggests his guilty plea to count three is constitutionally infirm.

4

Regarding a motion to withdraw a guilty plea, the standard of review is as follows:

The discretion to allow the withdrawal of a guilty plea under La. C. Cr. P. art. 559(A) lies with the trial court and such discretion cannot be disturbed unless an abuse or arbitrary exercise of that discretion is shown. *State v. Martin*, 48,045 (La. App. 2 Cir. 05/15/13), 115 So.3d 750. A defendant has no absolute right to withdraw a guilty plea. *Id.*

Under La. C. Cr. P. art. 556.1, a valid guilty plea must be a voluntary choice by the defendant and not the result of force or threats. La. C. Cr. P. art. 556.1 also provides that prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. When the record establishes that an accused was informed of and waived his right to a trial by jury, to confront his accusers, and against self-incrimination, the burden shifts to the accused to prove that despite this record, his guilty plea was involuntary. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Cooper*, 52,408 (La. App. 2 Cir. 11/08/18), 261 So.3d 975; *State v. Martin*, *supra*.

An express and knowing waiver of those rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. *Boykin*, *supra*; *State v. Johnson*, 51,430 (La. App. 2 Cir. 07/05/17), 224 So.3d 505; *State v. Kennedy*, 42,850 (La. App. 2 Cir. 01/09/08), 974 So.2d 203. A plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea, including insufficiency of the evidence. *State v. Crosby*, 338 So.2d 584 (La. 1976); *State v. Johnson*, *supra*; *State v. Stephan*, 38,612 (La. App. 2 Cir. 08/18/04), 880 So.2d 201. A validly entered guilty plea, or plea of *nolo contendere*, waives any right a defendant might have had to question the merits of the state's case and the factual basis underlying the conviction. *State v. Bourgeois*, 406 So.2d 550 (La. 1981); *State v. Cooper*, *supra*; *State v. Hardy*, 39,233 (La. App. 2 Cir. 01/26/05), 892 So.2d 710.

When ruling on a motion to withdraw a guilty plea, the trial court should look beyond the *Boykinization* and consider all relevant factors. *State v. Griffin*, 535 So.2d 1143 (La. App. 2 Cir. 1988); *State v. Green*, 468 So.2d 1344 (La. App. 1 Cir. 1984); *State v. Banks*, 457 So.2d 1264 (La. App. 1 Cir. 1985). A court, when called upon to ascertain an accused's state of mind, has the power, notwithstanding a record waiver of constitutional rights, to determine whether other factors present at the time of a guilty plea, whether inside or outside the plea colloquy record, were sufficient to render the plea involuntary

5

or unintelligent. *State v. Lewis*, 421 So.2d 224 (La. 1982); *State v. Galliano*, 396 So.2d 1288 (La. 1981); *State v. Griffin*, *supra*.

> In order to properly exercise its discretion and in order for the appellate court to review the exercise of that discretion, the trial court should conduct a hearing or inquiry on defendant's motion to withdraw a guilty plea. *State v. Lewis*, *supra*; *State v. Griffin*, *supra*. Reasons supporting withdrawal of the plea would ordinarily include factors bearing on whether the guilty plea was voluntarily and intelligently made, such as breach of a plea bargain, inducement, misleading advice of counsel, strength of the evidence of actual guilt, or the like. A mere change of heart or mind by the defendant as to whether he made a good bargain would not ordinarily support allowing the withdrawal of a bargained guilty plea. *Id.*

*State v. McGarr*, 52,641, 52,642, pp. 10-12 (La.App. 2 Cir. 4/10/19), 268 So.3d 1189, 1196-97.

> The benefit a defendant receives from a plea bargain is a relevant factor in the context of a motion to withdraw the plea to determine whether the plea was knowingly and intelligently entered. [*State v.*] *Cook*, [32,110 (La.App. 2 Cir. 6/16/99), 742 So.2d 912]; *State v. Curtis*, 28,309 (La.App. 2d Cir.8/21/96) [sic], 679 So.2d 512, *writ denied*, 96-2322 (La.2/7/97), 688 So.2d 496.

*State v. Hart*, 50,295, p. 13 (La.App. 2 Cir. 11/18/15), 183 So.3d 597, 605 (footnote omitted).

On July 26, 2021, prior to Defendant entering his guilty pleas as to counts three, four, and five, the trial court addressed Defendant in accordance with the mandates set forth in La.Code Crim.P. art. 556.1. Defendant denied being under the influence of any type of drugs or alcohol. The trial court asked Defendant if he read and understood the plea form before signing it, to which Defendant answered affirmatively. Defendant acknowledged he had the opportunity to discuss his case with defense counsel and was satisfied with counsel's representation. Thereafter, the trial court found Defendant competent to proceed with his plea.

The trial court explained the nature of the charges and the minimum and maximum sentences Defendant could receive. The trial court informed Defendant

of his *Boykin* rights, and he indicated he understood those rights. The trial court told Defendant that by pleading guilty, he was giving up certain rights, including the rights not to plead guilty and have a trial by jury, to have the assistance of a lawyer that would be appointed if he could not afford one, that the State had the burden to prove his guilt beyond a reasonable doubt at trial, the right to confront his accusers, the right to testify at his trial, the privilege against self-incrimination, and the right to appeal his conviction if found guilty at trial. Defendant stated that he understood he was giving up each of those rights. After the State set forth its factual basis for the plea, Defendant formally entered a plea of guilty to second degree kidnapping, and the trial court accepted his plea.[2]

Prior to sentencing, Defendant filed a motion to withdraw his guilty pleas for two reasons. First, Defendant alleged that he thought he was entering a "best interest" guilty plea as contemplated by *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970), and because the State failed to provide a sufficient factual basis for each of the charges, his pleas were rendered defective.[3] Secondly, Defendant contended he would not have pled guilty to the charges had he been advised of the registration requirements set forth in La.R.S. 15:541 *et seq.*, and therefore, his pleas were not voluntarily and intelligently entered.

At the September 30, 2021 hearing on the motion, the trial court took judicial notice that Defendant was not informed of the registration requirements. The State and defense counsel recommended that Defendant be allowed to

---

[2] As discussed, Defendant also pled guilty to one count of attempted second degree kidnapping and an additional count of second degree kidnapping after the State set forth a factual basis for each charge.

[3] In *Alford*, the United States Supreme Court ruled that a defendant may enter a guilty plea, without foregoing his protestations of innocence, if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant." *Alford*, 400 U.S. at 31.

withdraw his guilty pleas as to counts four and five. The trial court then inquired whether Defendant's guilty plea for count three would be withdrawn or maintained:

> THE COURT: Mr. Hawkins, have you visited with your client with regards to what the State is recommending, how we resolve this matter?
>
> MR. HAWKINS [DEFENSE COUNSEL]: Yes, Your Honor, we have. It's our understanding the State is going to allow Mr. Handley to maintain his plea as to the claim against Schanda Handley and dismiss [counts four and five] with prejudice.
>
> . . . .
>
> THE COURT: I mean, he is not withdrawing his plea to count 3?
>
> MR. HAWKINS: Correct.
>
> THE COURT: All right.
>
> MR. HAWKINS: Okay. So[,] Count 3 maintains; 4 and 5 dismissed; 1, 2 and 6 were dismissed on July 27th [sic].
>
> THE COURT: Okay.
>
> MR. KNECHT [THE STATE]: So just to be absolutely clear, the net effect as to what remains is one count of second degree kidnaping of Schanda Handley.
>
> MR. HAWKINS: Correct.
>
> THE COURT: All right. I want to make sure that I have this completely correct. So[,] we're keeping count 3?
>
> MR. HAWKINS: Yes, sir.
>
> THE COURT: Which is second degree kidnaping, and withdrawing count 5, and he is withdrawing count 4?
>
> MR. HAWKINS: Yes, sir.
>
> THE COURT: . . . Four and 5 are being withdrawn, and count 3 is being maintained, correct?
>
> MR. HAWKINS: Yes, sir.

8

THE COURT: All right.

MR. HAWKINS: And it is our understanding the State is going to agree to dismiss 4 and 5 with prejudice upon the withdrawal of the plea.

Defendant was then sworn in and the following colloquy occurred:

The COURT: And, Mr. Handley -- All right, Mr. Handley, you, through your attorney, made a motion to withdraw all three counts, counts 3, 4 and 5; is that correct?

MR. HANDLEY: That is correct.

. . . .

THE COURT: So count[s] 4 and 5, those are the two counts that you want to withdraw your plea?

Mr. HANDLEY: That's correct, sir.

THE COURT: You want to maintain your plea of guilty on count 3, the second degree kidnaping of Ms. Schanda Handley, correct?

MR. HANDLEY: That is accurate, Your Honor.

THE COURT: All right. And you are maintaining that plea because -- And you are maintaining your previous statements to the Court that you, in fact, are guilty of that crime; is that correct?

MR. HANDLEY: I will -- Yes, Your Honor, I will do that.

. . . .

THE COURT: Because you committed that crime, and you are maintaining your guilty plea on count 3, correct?

MR. HANDLEY: I am maintaining that, yes, Your Honor.

The trial court allowed Defendant to withdraw his guilty pleas for counts four and five. Defendant's guilty plea for count three was maintained, and the trial court specified the plea agreement remained unaltered for count three.

Though the trial court did not address Defendant's claim that he thought he was entering an *Alford* plea, that argument was meritless. At the July 26, 2021 hearing, Defendant did not attempt to profess his innocence or show any unwillingness to admit guilt, as required for an *Alford* plea. This is supported by his statements at the September 30, 2021 hearing. "The 'best interest' or *Alford* plea . . . is one in which the defendant pled guilty while maintaining his innocence." *State v. Stevenson*, 45,371, pp. 4-5 (La.App. 2 Cir. 6/23/10), 41 So.3d 1273, 1276. Defendant clearly entered a plea of guilty, and the State set forth a factual basis for that plea at the time it was entered. By entering his plea, Defendant waived his right to question the merits of the State's case and the factual basis presented by the State. *See State v. Bourgeois*, 406 So.2d 550 (La.1981).

Following sentencing, Defendant again moved to withdraw his guilty plea, noting that a trial court can vacate a guilty plea after sentencing if the facts surrounding the guilty plea render it constitutionally deficient. *See State v. Isaac*, 12-593 (La.App. 5 Cir. 1/16/13), 108 So.3d 118. In his motion, Defendant argued the July 26, 2021 *Boykinization* was constitutionally defective because the "trial court's failure to advise Mr. Handley of the registration requirements was fatal to the entire plea[,] not simply the count which triggered the registration requirement." Defendant did not explicitly explain how the trial court's failure to advise him of La.R.S. 15:541 *et seq.* affected the voluntariness of his guilty plea as to count three.

On July 21, 2022, the trial court held a hearing on the motion. The State argued the record clearly established the July 26, 2021 *Boykinization* was proper, and Defendant never withdrew his guilty plea as to count three. Therefore, according to the State, Defendant had not met his burden of proving a

constitutional deficiency in his guilty plea as to count three. The trial court agreed and determined Defendant was properly *Boykinized* at the July 26, 2021 hearing; therefore, there was no need for him to be re-*Boykinized*. Because Defendant could not point to any infirmity, the trial court denied Defendant's motion.

Upon review, we also conclude that Defendant's guilty plea was not constitutionally infirm. The transcript of the July 26, 2021 *Boykin* hearing indicates Defendant was informed of his constitutional rights and that he would be waiving those rights by pleading guilty. Further, a well-executed plea agreement form was signed by Defendant on the same day. Defendant has failed to show there was an infringement of his constitutional rights or a procedural irregularity in the taking of the plea. Rather, it seems Defendant merely sought to withdraw his guilty plea after he was sentenced to the maximum sentence under the plea agreement. This is evidenced by Defendant's statements at the September 30, 2021 hearing that he was maintaining his plea because he was, in fact, guilty of the crime and the fact that Defendant did not file his motion to withdraw plea until nearly seven months after that hearing. The trial court considered the totality of the circumstances surrounding Defendant's plea, including the significant benefit Defendant received from the State dismissing five charges against him and the reduced sentencing exposure as a result thereof. Accordingly, Defendant's second assignment of error is without merit.

As to the issues asserted in Defendant's first and third assignments of error, those are intertwined and will be addressed together. In his first assignment of error, Defendant asserts his sentence is illegal as the trial court imposed his thirty-five-year sentence to be served entirely without the benefit of parole. In his third assignment of error, Defendant contends his sentence, although imposed within the

11

parameters of his plea agreement, is excessive because the trial court failed to adequately comply with the sentencing guidelines set forth in La.Code Crim.P. art. 894.1.

As a preliminary matter, Defendant recognizes that a defendant generally waives his right to appeal a sentence imposed in accordance with a plea agreement, but he asserts that he preserved his right to appeal his sentence as excessive by filing a motion to reconsider sentence pursuant to La.Code Crim.P. art. 881.1. Defendant further states that an illegal sentence cannot be waived.

Louisiana Code of Criminal Procedure Article 881.2(A)(2) states: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This court has consistently held that it is "not automatically precluded from reviewing a sentence *unless* the plea agreement provides a specific sentence or sentencing cap." *State v. Curtis*, 04-111, p. 2 (La.App. 3 Cir. 8/4/04), 880 So.2d 112, 114 (emphasis added) (citing *State v. Pickens*, 98-1443 (La.App. 3 Cir. 4/28/99), 741 So.2d 696, *writ denied*, 99-1577 (La. 11/5/99), 751 So.2d 232, *and writ denied*, 01-2178 (La. 4/19/02), 813 So.2d 1081), *writ denied*, 04-2277 (La. 1/28/05), 893 So.2d 71. In *State v. Desadier*, 47,991, p. 4 (La.App. 2 Cir. 4/10/13), 113 So.3d 1193, 1195 (citations omitted), the second circuit likewise stated, "Where a specific sentence or sentencing cap has been agreed upon as a consequence of a plea bargain, . . . a sentence imposed within the agreed range cannot be appealed as excessive." Finally, the trial court is not required to give reasons for a sentence imposed within the agreed upon range as normally required by La.Code Crim.P. art. 894.1. *See State v. Small*, 44, 554 (La.App. 2 Cir. 8/19/09), 17 So.3d 491, *writ denied*, 09-2057 (La. 4/5/10), 31 So.3d 356.

As demonstrated by the jurisprudence, La.Code Crim.P. art. 881.2(A)(2) applies to both specific sentences and sentencing caps. In the present case, the plea agreement, which was set forth in the record at the time of the plea, resulted in a sentencing range of fifteen to thirty-five years, and Defendant was sentenced in conformity with the agreement. Further, Defendant explicitly waived his right to appeal his sentence in the plea agreement: "**I also realize that by signing this document I am waiving my right to appeal this conviction and sentence**." At no point did the trial court advise Defendant that he reserved the right to appeal his sentence at the *Boykin* hearing nor did the trial court advise Defendant of the time limits for appealing his sentence at the sentencing hearing. Defendant's right to appeal his sentence was lost when he entered into the plea agreement with an agreed-upon sentencing range, and the subsequent filing of a motion to reconsider sentence did not revive that lost right. Additionally, Defendant has not cited any relevant jurisprudence examining La.Code Crim.P. arts. 881.1 and 881.2 to support his claim that he preserved his right to appeal his sentence by timely filing a motion to reconsider sentence.[4] Therefore, Defendant is precluded from seeking review of his sentence as excessive. *See State v. Lewis*, 633 So.2d 315 (La.App. 1 Cir. 1993), and *State v. Vital*, 12-881 (La.App. 3 Cir. 2/6/13), 107 So.3d 1274, *writ denied*, 13-430 (La. 9/13/13), 120 So.3d 692.

---

[4] Defendant cites to numerous cases which he claims supports his assertion that a sentence may be reviewed on appeal even though it was imposed pursuant to a plea agreement. However, none of the cases merit serious review. For example, in *State v. Lindsey*, 50,324 (La.App. 2 Cir. 2/24/16), 189 So.3d 1104, the second circuit reviewed the defendant's excessive sentencing claim because there was no agreed-upon sentence in the plea agreement. In *State v. Planco*, 96-812 (La.App. 3 Cir. 3/26/97), 692 So.2d 666, this court reviewed a sentence imposed under a plea agreement with a sentencing cap due to the defendant's explicit reservation of his right to appeal his sentence. The first circuit reached the same result in *State v. Shipp*, 98-2670 (La.App. 1 Cir. 9/24/99), 754 So.2d 1068. In the current case, there was a bargained-for sentencing range in the plea agreement and Defendant did not reserve his right to appeal his sentence.

However, La.Code Crim.P. art. 882 permits an illegal sentence to be corrected "at any time . . . by an appellate court on review." Though Defendant argues his thirty-five-year sentence is illegal because it was ordered to be served entirely without the benefit of parole, we disagree. An illegal sentence is one not "authorized or directed by law." *State v. Moore*, 93-1632, p. 3 (La.App. 3 Cir. 5/4/94), 640 So.2d 561, 563 (quoting *State v. Johnson,* 220 La. 64, 55 So.2d 782 (1951)), *writ denied*, 94-1455 (La. 3/30/95), 651 So.2d 858. Louisiana Revised Statutes 14:44.1(C) provides a sentencing range of imprisonment "at hard labor for not less than five nor more than forty years[,]" and Defendant's plea agreement reduced the sentencing range to fifteen to thirty-five years. Louisiana Revised Statutes 14:44.1(C) mandates "[a]t least two years of the sentence imposed shall be without benefit of parole, probation, or suspension of sentence." The clear wording of the statute authorized the trial court to impose the full thirty-five-year sentence without the benefit of parole.

Moreover, Defendant relies on *State v. Bentley*, 15-598 (La.App. 3 Cir. 2/3/16), 185 So.3d 254, in support of his argument that parole eligibility cannot be denied for the entirety of his thirty-five-year sentence. In *Bentley*, this court concluded that parole could only be denied for a period as specified in the underlying offense. However, in *Bentley*, the defendant's sentence for second degree kidnapping was enhanced after he was found to be a habitual offender and parole denied for the entirety of the enhanced sentence. The defendant appealed and argued that parole eligibility could not be denied for a period longer than what the underlying offense allows. The defendant continued, "[t]his means that a sentencing judge could restrict parole anywhere from 2 years to 40 years for this crime." *Id*. at 256. The habitual offender statute did not specifically authorize the

14

trial court to impose enhanced sentences without the benefit of parole. On appeal, this court reasoned that "[w]hen two or more interpretations of a criminal statute are possible, the one construed in the light most favorable to the defendant applies." *Id*. at 257. Thus, this court concluded that the defendant's "parole eligibility in this case cannot exceed a period longer than that for second degree kidnapping, the underlying offense." *Id*. We also note that the appellate court in *State v. Jackson*, 48,552 (La.App. 2 Cir. 1/29/14), 132 So.3d 516, *writ denied*, 14-394 (La. 9/19/14), 148 So.3d 952, and *writ denied*, 14-412 (La. 9/26/14), 149 So.3d 260, affirmed a maximum sentence for second degree kidnapping of forty years at hard labor without the benefit of parole, probation, or suspension of sentence.

Considering the foregoing, the sentence imposed is authorized by law and is not illegal.

**DECREE:**

For these reasons, Defendant's conviction and sentence are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.